SIMON CODY *vs.* FRANCIS ADAMS.

A person who causes another to be arrested on mesne process in an action of tort, witnout first making the affidavit required by *St.* 1854, *c.* 63, is liable to an action by the person arrested.

ACTION OF TORT. The declaration alleged that Adams procured a writ, and commenced an action of tort against Cody, and caused him to be arrested and committed to jail, without Adams or any one in his behalf having first made oath that he believed that the cause of action set forth in the writ was just and true.

At the trial in the court of common pleas, before *Sanger,* J., there was evidence that Adams, on the 11th of August 1854, procured a writ against Cody for slander, returnable before a justice of the peace, in which the damages claimed were one hundred dollars, and the officer was ordered to attach goods to the amount of two hundred dollars, and in default thereof to take his body; that Adams took the writ to a constable, and

ordered him to serve it without delay, and to get adequate security in goods to the value of $200, or good bail, or commit him to jail; that the oath required by *St.* 1854, *c.* 63, was not made, before or after the service of the writ; that the constable pursuant to his instructions, arrested Cody, and, he not being able to give bail or security, committed him at once to jail, where he was kept until the next day, when he was bailed out; that the action of slander was tried before the justice, and judgment given for Cody, from which Adams took an appeal, but never entered it.

Upon this evidence, Adams requested the court to rule that the plaintiff could not maintain his action. But the court ruled that there was evidence to go to the jury, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*M. G. Cobb*, for the defendant, contended that this action could not be maintained, and that the form of action, if any, should have been for a malicious prosecution; and cited *Tarlton* v. *Fisher*, 2 Doug. 674; *Morgan* v. *Hughes*, 2 T. R. 231; *Elsee* v. *Smith*, 1 D. & R. 97; *Hayden* v. *Shed*, 11 Mass. 502; *Riley* v. *Johnston*, 13 Geo. 262; Bul. N. P. 15.

*J. Q. A. Griffin*, for the plaintiff.

DEWEY, J. The *St.* of 1854, *c.* 63, has enacted that " no person shall be arrested on mesne process, in an action of tort, unless the plaintiff, or some one in his behalf, first makes oath that he believes that the cause of action set forth in the writ is just and true." The case discloses that the defendant commenced such an action against the plaintiff, and caused him to be arrested and committed to jail, without such oath having been previously made. The case shows an unlawful act on the part of the defendant, for which he is properly sued, under the *St.* of 1852, *c.* 312, in an action of tort. The illegality of the arrest does not depend upon the question, whether the suit was malicious and without probable cause, but upon the want of the required preliminary oath that the cause of action was just and true. The case was properly submitted to the jury.

*Exceptions overruled*