Gillett v. Thiebold.

## HENRY W. GILLETT v. JACK THIEBOLD.

1. AFFIDAVIT, *for Order of Arrest; Statement of Facts.* An affidavit for an order of arrest in a civil action must contain a statement of facts claimed to justify the belief in the fraud charged, or the proceedings based upon it will be void.

2. ———— It is not enough that such facts point to the probability of fraud. They must be such as, unexplained or uncontradicted, prove the fraud alleged, or else no order of arrest should be issued.

3. JUSTICE OF THE PEACE; *Issuing Order.* A justice of the peace in an arrest case, acts judicially when he passes upon the affidavit and issues the order.

4. FALSE IMPRISONMENT; *When it will not lie.* Where the facts set forth in such an affidavit, though they may be slight and inconclusive, yet tend to prove the fraud, and the justice after examination thereof, issues the order of arrest, no action for false imprisonment will lie for a detention under such order, the other proceedings being regular.

*Error from Leavenworth District Court.*

ACTION for false imprisonment, brought by *Thiebold* against *Gillett.* The facts are sufficiently stated in the opinion. The case was tried at the September Term 1871. The jury found for the plaintiff, and assessed his damages at $300. New trial refused, and judgment on the verdict—and *Gillett* brings the case here on error. The alleged false imprisonment was upon process issued by a justice of the peace in a

civil action wherein *Gillett* was plaintiff, and *Thiebold* was defendant.

*F. P. Fitzwilliam,* for plaintiff in error:

1. The magistrate determined judicially to issue the order of arrest. He had jurisdiction over the subject-matter. The granting of the order of arrest was a matter resting within his judicial discretion. He determined to try the action, and render judgment thereon, which was final and conclusive, unless appealed from. He had the authority, under the law, to issue the execution thereon, accompanied with the order for the arrest and commitment of defendant to jail.

The magistrate's act in granting the order of arrest, or rendering judgment in the case and issuing the execution, was not void, and can only be avoided by proceedings taken directly for that purpose. Until it is avoided, the party at whose instance it was issued and executed is protected. 15 Ala., 549; 9 Johns., 117; 2 Hill. Torts, 369, § 33.

2. The court erred in charging the jury that the affidavit, upon which the order of arrest was issued, was insufficient in law, the arrest under it void, and the plaintiff causing such arrest, in law, a trespasser. The justice of the peace is authorized to issue an order of arrest whenever an affidavit is filed in a civil case. Justice's act, § 18. The affidavit filed before the justice contained a statement of facts claimed to justify the belief in the existence of the particular fraudulent act set forth. It was sufficient in law to protect all the parties participating in the proceedings. The statement of facts in the affidavit had a legal tendency to induce the belief in the existence of the particular fraudulent act charged therein, though the facts may be slight and inconclusive, and such statements will sustain the order of the justice until it is reversed or set aside. The issuing of such an order, under such circumstances, was a mere error in judgment of the justice. It was his judicial act, for which Gillett cannot be held responsible. 18 N. Y., 355; 34 Barb., 144; 27 Ill.,

472; 14 Ohio St., 213; 3 Meeson & Welsby, 418; 20 Wend.,, 145; 4 Denio, 120.

3. The instruction of the court made Gillett's knowledge of the magistrate's want of jurisdiction (as held by the court in charging the jury) essential to his liability; whereas, the case finds no such knowledge on his part, except that implied from the obligation of every one to know the law. An officer may know facts tending to show that his process is erroneous,, and yet be justified by it, and is never held to this knowledge of the law: 5 Hill., 440. "Upon the same principles of public policy, parties who in good faith institute the proceedings and act under and in accordance with the judicial determination, should be protected from accountability as trespassers whenever the officer is entitled to protection." 19 Barb., 288, 291. .

Gillett is not liable as a trespasser, because he came before a magistrate having general jurisdiction over the subject-matter, and made an affidavit for an order of arrest, upon which the magistrate may have made a mistake in thinking it a case within his authority, and granted the order thereon,. The only remedy against him is by an action corresponding to the common-law action of *case*, if he acted maliciously. 23 Penn. St., 189; 3 Sandf., 329; 8 Watts, 240; 2 Hill. Torts, 339, § 3; 19 Barb., 283; 7 Gray, 53; 19 Ill., 242.

4. The action should have been upon the undertaking given in the action before the justice. It is all the remedy to which the injured party can resort. It is designed by the statute to cover all damages the party arrested can possibly sustain, and it is for this that the justice is required to take "an undertaking with one or more sufficient sureties, to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the arrest, if the order be wrongfully obtained, not to exceed double the amount of the plaintiff's claim stated in the affidavit." The undertaking becomes,. when forfeited, the cause of action, and is intended by the law to measure the damages of every kind which the party may sustain by the wrongful suing out of the order of arrest. *Cutler v. Powell*, 6 Term R., 324.

Gillett v. Thiebold.

*Wm. G. Mathias*, for defendant in error:

1. The defendant in error maintains that the constitution of the State of Kansas has abolished imprisonment for debt, except for fraud: Bill of rights, § 16. That an arrest made on the ground of fraud, the affidavit should be positive, and must make out a *prima facie* case: 3 How. Pr., 265. And must show a good cause of action. The facts and circumstances must be fully set out in the affidavit, and not rest merely on information and belief; but a sufficient cause of action must be set out: 3 How. Pr., 219; 4 id., 95; 28 Barb., 293. To procure an order of arrest the facts and circumstances must be set out with great particularity. For the fact that a party is dishonest and purchases goods without intending to pay for them, does not justify his arrest: 17 Mich., 486; 44 Ill., 142; 16 Grattan, 64; 20 La. An., 66.

2. To warrant an arrest of the defendant whose fraud is alleged as a ground for the order, fraud must be clearly proved. If there is a serious doubt as to the fraud an order of arrest cannot be made. And to justify an order for arrest on the ground of fraudulent disposition of property, proof of fraudulent intent must be required. 8 Abb., 412; 16 id., 481; 35 Barb., 444; 1 Duer, 669.

The affidavit on which the justice of the peace founded the order of arrest is insufficient and void, and the justice of the peace could not rightfully take jurisdiction. The arrest and imprisonment of the plaintiff below was illegal, and not warranted by law. See *Bauer v. Clay*, 8 Kas., 580.

The opinion of the court was delivered by

BREWER, J.: This was an action of false imprisonment. On the 4th of January 1871 Gillett sued Thiebold before a justice of the peace. He filed with the justice the following affidavit:

[TITLE, AND VENUE.] "Henry W. Gillett makes oath that the claim in this action is on account for liquors sold for $137.25; and he also makes oath that the claim is just, and that Henry W. Gillett, the plaintiff, ought to recover the

amount of $137.25; he also makes oath that the said Jack Thiebold, the defendant, has disposed of his property with intent to defraud his creditors. He is justified in the belief of the above facts from the following considerations: that the defendant, living at Lawrence, lately sold all his property known to affiant, and converted the same into money, and has left Lawrence, his late place of business and residence, and made no provision for the payment of his debts.

"HENRY W. GILLETT.

"Sworn to before me, and subscribed in my presence, this 4th day of January, 1871. RICHARD R. REES, J. P."

Upon that affidavit an order of arrest was issued, and Thiebold brought before the justice. A trial was immediately had, judgment entered in favor of Gillett for $137.25, and an execution, with an order of arrest, issued by the justice. Nothing being paid on the execution, and no property found, Thiebold was committed to jail whence he was discharged on *habeas corpus*, after two or three days, by the judge of the district court of the first judicial district. Thereupon he brought this action for false imprisonment.

Two important questions are presented. The first is this: Was the affidavit sufficient to justify the issue of the order

1. Affidavit for order of arrest. of arrest? An affidavit for an order of attachment is sufficient if it avers positively the existence of any of the grounds named in the statute. *Rayburn v. Bassett,* 2 Kas., 227. But it is otherwise in an affidavit for an order of arrest. There the statute provides that "the affidavit shall also contain a statement of the facts claimed to justify the belief in the existence" of the grounds set forth for the arrest. Justice's act, Gen. Stat., 779, § 18. This portion of the statute is of equal force with the rest. Respect must be paid to its requirements, or the proceedings will not stand. Nor is it a meaningless provision. It is not satisfied by a statement of any facts. There must be an

2. Facts must be proved. allegation of the existence of such facts as, uncontradicted or unexplained, show that the charge of fraud made in the affidavit is true. A fact or facts which simply raise a suspicion of guilt, or point to the pos-

sibility of fraud, are insufficient. A chain of circumstances which is consistent with a fraudulent purpose, will not be enough. The facts stated must establish the fraud. Nothing less than this will give reasonable effect to the requirement of the statute. *Frost v. Willard*, 9 Barb., 440; *Ex parte Smith*, 16 Ill., 348; *Gorton v. Frizzell*, 20 Ill., 291; *Spice v. Steinrick*, 14 Ohio St., 213, and cases there cited. Tried by this rule, and the affidavit is obviously insufficient. The facts stated in the affidavit do not show a fraudulent intent. This is too patent to need discussion.

A second and graver question is this: Was the act of the justice in issuing the order of arrest a judicial act, and having been performed by one having jurisdiction of the subject-matter, and the persons, conclusive on the parties, and not

3. Justice of peace; when he acts judicially. subject to attack collaterally? If no facts were stated in the affidavit, the case would be free from difficulty; for where the statute prescribes certain conditions for the exercise of powers by an inferior tribunal, a disregard of those conditions renders the attempted exercise of those powers void. The trouble here lies in this, that an attempt is made to follow the statute by alleging certain facts which are claimed to justify the belief in the existence of the fraud charged. If it be a judicial act, and the magistrate, after examination of the facts, finds that they prove the fraud, and thereupon issues the process, it is difficult to see upon what rule the validity of such determination can be attacked collaterally. If enough is presented to challenge judicial examination, the determination is conclusive upon the parties till set aside by direct proceedings for review. As was well said by Bronson, J., in the case of *Miller v. Brinkerhoff*, 4 Denio, 120, "where certain facts are to be proved to a court of special and limited jurisdiction as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void in whatever form the question may arise; but where the proof has a legal tendency to make out a proper case, in all its parts, for issuing such process, then, although the proof may be slight and inconclusive, the

process will be valid until it is set aside by a direct proceeding for that purpose." That it is within the power of the legislature to make it a judicial or ministerial act, will not be questioned. The issue of an order of attachment, under our code, is unquestionably a ministerial act, and of an order of injunction equally unquestionably a judicial act. The legislature might reverse the rule, and permit the issue of an injunction upon the filing of a specified bond and affidavit, and require a judge or justice to examine into and pass upon evidence of facts before issuing an attachment. It is often very difficult to distinguish between the two, or to assign a given act to one or the other class. It is so in the case before us; and the conclusion we have reached has been with grave doubts of its correctness. We hold it to be a judicial act. It is an act to be done by a judicial officer, one whose prominent duties are judicial. It is never to be resubmitted to another officer, nor examined by another mind. The facts must be stated for the purpose of challenging some judicial examination. The only officer who does examine is the justice. The only time the statute expressly names for his examination is on the filing of the affidavit and the application for the order. The statute makes provision for subsequent examination as to the truth of the charge, nothing more. We do not mean to be understood as saying that the justice may not re-examine the sufficiency of the affidavit on motion to vacate and set aside the order, but simply that such power is not delegated by any express provision of the article concerning "arrest and bail;" and we are now seeking the intent of the legislature, not the power of the justice. Under these circumstances it seems to us that the justice is required to examine the affidavit, and determine that the facts stated prove the fraud, before he may issue the order; and that his determination on this question is as conclusive and binding upon the parties as that made on any other question submitted for his judicial examination. It may be said that a bond is required of a plaintiff seeking an order of arrest, which would not be unless the issue of the order was purely ministerial. A bond is

28

properly required, for the affidavit, though sufficient, may not be true; a re-examination after argument from both sides may convince the justice of its insufficiency, or it may be adjudged insufficient in a higher court. So that the requirement of a bond throws little light on the question. Again, it may be said that a like statement of facts is required in an affidavit filed in the district court, and that there the clerk issues the process without order from the judge. This is true; but there are several points of difference between the procedure in justices' and that in district courts, in cases of arrest, which may well show that the clerk only acts ministerially, while the justice acts judicially in issuing similar writs. Without attempting to indicate all, we will name a few of the points of difference. In the district court the statute provides for submitting the sufficiency of the affidavit to the judge. The party arrested is committed to jail, and there remains till the determination of the action according to the ordinary methods and time of procedure, unless he apply on motion to the judge for his discharge. The arrest proceedings are so entirely auxiliary that they do not at all change or modify the regular course of procedure in the action. The clerk performs no other function than that of approving and filing the bond, filing the affidavit, and issuing the order of arrest. The control of the proceeding, so far as discretion is concerned, is with the judge. In the justice's court the justice alone examines. The defendant arrested is brought immediately before him, and a trial had without delay. If the defendant contest the sufficiency, or truth of the affidavit, or validity of the claim, he may have all three questions disposed of at once, and never go near the jail. We merely suggest these elements of difference, not caring in the present case to determine absolutely the character of the acts of the clerk in cases of arrest. It is enough for us to settle in what character the justice acts. *Outlaw v. Davis,* 27 Ill., 467; *Kissock v. Grant,* 34 Barb., 144; *Van Alystyne v. Erwine,* 11 N. Y., 331; *Johnson v. Moss,* 20 Wend., 144; *Matter of Faulkner,* 4 Hill, 598; *Billings v. Russell,* 23 Penn. St., 189; *Skinnion*

*v. Kelly*, 18 N. Y., 353. In this last case Johnson, Ch. J., in delivering the opinion of the court, after saying in substance that proceedings based upon a similarly defective affidavit will be deemed valid, uses this language: "It will be so deemed because the justice, having proof presented to him, and being required by law to determine upon the weight of the proof, has acted judicially in making his determination. His decision may be erroneous, but is not void." It results from this view of the case that great care should be exercised by justices in examining affidavits, and issuing orders of arrest. The facts disclosed should clearly prove the fraud, otherwise innocent debtors may suffer a punishment which should only fall upon the guilty.

From the views herein expressed it is evident the judge of the district court erred in his rulings upon the trial. The judgment must be reversed, and the cause remanded for further proceedings in conformity with this opinion.

All the Justices concurring.