## TENNENT, WALKER & CO. v. WEYMOUTH & GOLDEN.

AFFIDAVIT FOR ORDER OF ARREST, *Insufficient.* In order to justify the issue of an order of arrest, facts proving, and not merely facts consistent with fraud should be stated in the affidavit. And where the affidavit stated only that defendants had sold their stock of goods for $5,000, receiving in payment $1,000 cash and two farms, the deeds to which were made to the wives of defendants; that they commenced business with a cash capital of $1,400, and owed at the time of said sale about $3,000, and failed to show that the wives of said defendants were not *bona fide* creditors, or that the sale was not for the real value of the goods, or that the proceeds of such sale were not used in the payment or securing of debts, *held,* that the affidavit was insufficient to justify an order of arrest. And further, *held,* that upon the testimony offered in this case upon a motion to vacate the order of arrest, the order of the district court in sustaining the motion must be sustained.

### Error from Harvey District Court.

ACTION brought by *Tennent, Walker & Co.* against *R. W. Weymouth* and *James H. Golden,* as partners, upon a bill of exchange for $130, drawn by plaintiffs and accepted by defendants. An order of arrest was obtained by the plaintiffs, upon which the defendants were arrested. At the September Term,

1879, of the district court, the defendants moved the court for their discharge from said order, which motion was sustained. The plaintiffs have brought this ruling here for review. The opinion states the facts.

*G. W. Holmes*, and *Bowman & Bucher*, for plaintiffs in error.
*Ady & Grattan*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought upon an accepted draft, in which a civil order of arrest was procured at the same time, upon the ground that "the said defendants have assigned and disposed of their property, or a part thereof, with intent to defraud their creditors," upon which order the defendants were arrested, and moved the court for a discharge therefrom, for the reasons — first, that the affidavit for the order of arrest was not sufficient in law; and second, that the grounds laid for the same were not true. The issue of fact thereby raised was tried by the court upon the evidence produced by the respective parties, all of such evidence being by affidavits, and is preserved in the record. The court, upon the hearing, sustained said motion, and discharged the defendants; to which finding, order and judgment of the court the plaintiffs excepted, and bring the case here for review.

If only the first ground of the motion be considered, the ruling of the district court was unquestionably correct. The only facts stated in the affidavit are, that defendants sold and disposed of their entire stock of goods for $5,000, receiving in payment $1,000 cash and two farms; that the titles and deeds to said farms were executed to the wives of said defendants; that defendants commenced business with a cash capital of only $1,400; and that at the time of said sale they owed about $3,000.

It scarcely needs any argument to show that these facts do not prove fraud, without which no arrest for debt can be had under our constitution. (Bill of Rights, § 16.) For anything that appears in this affidavit, this sale may have been at the

instance and request of the creditors, or a majority of them, and at a full value; the wives may have been the principal creditors, and taken the deeds as security; the cash may have been used to discharge just debts, and the farms placed in the control of all or certain named creditors. There is nothing in the price received to cast any suspicion on the *bona fides* of the transaction, and nothing in the disposition of the proceeds to cast anything more than suspicion, in the absence of proof, that the wives were not creditors, or that the proceeds of the sale were not used to pay or secure debts. Fraud is never presumed; it must be proved. No mere suspicion is the equivalent of proof. The law neither favors nor encourages arrest and imprisonment. That remedy is the *dernier ressort*, the end of the law. It is *quasi* criminal, and the proof of the fraud must be clear and stong. (*Gillett v. Thiebold*, 9 Kas. 427.)

But say counsel, the defendants challenged the truth of the general charge in the affidavit, introduced their testimony to disprove, and we ours to sustain the charge, and that the real question now is, whether upon all the testimony the general charge in the original affidavit is sustained. Conceding for the purposes of this case that this proposition is correct, and still the ruling of the district court must be sustained. Not by any means that the question is as clear as that as to the sufficiency of the affidavit, for there are facts presented which tend strongly to show a fraudulent intent in the sale. Still, the evidence is not so convincing as to justify a reversal of the ruling of the trial court. There is no suggestion even that the stock of goods was not sold for all that it was worth, or that the consideration was not in fact paid. The sale was known in the community in which defendants lived before it was consummated, and was advised by parties who were consulted. There was no secresy nor haste. The defendant Weymouth was not a partner in the firm of Weymouth & Golden, but the partnership consisted of defendant Golden and Mrs. R. E. Weymouth, the wife of R. W. Weymouth. The fact that the partnership was composed of these members was

known in the community, though as R. W. Weymouth was in the store and assisting in conducting the business, the mistake of the plaintiffs was natural. Notice of the dissolution was duly published in the paper after the sale, and also that defendant Golden would settle the debts. The farms were not deeded as alleged in plaintiffs' affidavit, but one was deeded to Mrs. Golden, the wife of defendant, to secure a debt of $600 and interest due her from the firm. This farm, worth $1,600, was afterward, and at Golden's request, conveyed to J. A. Cooper & Co., the principal creditor of the firm, and to whom the firm owed $1,340.51, to secure that debt. The other real estate was a homestead claim and improvements, conveyed to defendant Golden, the value of which he estimates at $3,000, and upon which he moved and now resides. These improvements Golden testifies he was offering for sale with the intention of applying the proceeds in payment of the debts. Some of the firm debts have been paid since the sale, and a large amount of them settled by note. Most of these facts are shown by the affidavit of defendant Golden alone, though copies of the deeds to Mrs. Golden and from her to Cooper & Co. were in evidence. On the other hand, the affidavit of plaintiffs' attorney, made a month after defendants' affidavits, shows that he called on defendant Golden with plaintiffs' claim shortly after the sale, and that in the course of the conversation defendant said that they had settled many claims with their unsecured notes, and that it would be useless for creditors to try to force a collection, for their property was so that it could not be reached on execution; also, that the firm had received $1,000 in cash on the sale, but that they did not intend to use any part of it in paying their creditors. This is about all the testimony presented on the motion. Doubtless the statements of defendant, as testified to by plaintiffs' attorney, indicate a fraudulent intent in the sale, but the conduct of the defendant as shown by his own testimony points to good faith. That the principal creditor has been secured, and that some other claims have been paid, the defendant shows, and the evidence is not controverted. These

facts are very strong. The declarations of defendant to plaintiffs' attorney may have been made in anger and because annoyed by the persistence of the attorney, or in the way of bluff. It seems strange that if defendants intended fraud they should admit it by saying that they did not intend to use the proceeds of the sale in payment of debts. More reasonable is the idea that they intended to pay others first and meant that this plaintiff should wait. A debtor is guilty of no fraud in electing to use present funds in payment of particular debts. If the wife of defendant Golden was in fact a creditor, and she had relinquished, at her husband's request, to another creditor her real-estate security, he might well pay her out of the cash proceeds of the sale. But these are mere speculations. The sum of the matter is this: The conduct of defendants indicates good faith; their declarations the reverse. The district judge believed their acts rather than their words. And we are not convinced that he erred. Hence we must sustain his ruling.

The order of the district court will be affirmed.

All the Justices concurring.