PHILIP HAUSS v. JOHN KOHLAR, *et al.*

FALSE IMPRISONMENT; *Insufficient Justification.* In an action for false imprisonment, the defendants justified by filing an answer stating that the imprisonment for which the plaintiff brought his action was had under and by virtue of an order of arrest issued in a civil action by a justice of the peace. The defendants set forth in their answer a copy of the affidavit upon which the order of arrest was issued, and from this copy it appears that the affidavit did not state any one of the grounds required by the statute to be stated in an affidavit for an order of arrest. *Held,* That the justification was not sufficient; that an affidavit for an order of arrest is jurisdictional in its character; and that where it does not state any one

of the grounds required by the statute to be stated in an affidavit for an order of arrest, all proceedings afterward had under it, or by virtue thereof, or which are founded thereon, are void.

## *Error from Saline District Court.*

ACTION for false imprisonment, brought by *Hauss* against *Kohlar* and three others. Trial at the November Term, 1879, of the district court, and judgment for the defendants. *Hauss* brings the case here. The opinion states the facts.

*Garver & Bond,* for plaintiff in error:

Without a statement of one of the particulars named in the statute, we claim that the affidavit is a nullity, and confers upon the justice no jurisdiction to issue an order of arrest. (9 Kas. 427; 6 id. 94; 57 Ill. 109; 20 id. 292; 17 Mich. 472; 14 Ohio St. 213; 2 Blackf. 305, 429; 7 Gray, 59; 4 Neb. 122.)

If the proceedings were so irregular as to be void, all parties concerned are liable for false imprisonment. (7 Kas. 426; 4 Neb. 122; 23 Mich. 129, 137; 66 Ill. 63.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action for false imprisonment. The defendants answered, setting up two defenses. The plaintiff demurred to the second defense, upon the ground that it did not state facts sufficient to constitute a defense. The court below overruled the demurrer, and this ruling is now assigned for error.

Said second defense was a plea in justification. It sets forth the following among other facts:

The defendant John Kohlar commenced a civil action against Philip Hauss, for the recovery of $45 and interest. He commenced the action before S. B. Thompson, a duly elected, qualified and acting justice of the peace. A. R. Head acted as his attorney in the case. He filed an affidavit for an order of arrest. The order of arrest was issued by the justice of the peace, and placed in the hands of W. W.

41—25 KAS.

Norris, a duly elected, qualified and acting constable, for service. The constable served the order of arrest by arresting the said Hauss. A trial was afterward had before the justice of the peace upon the merits of the action, and judgment was rendered in favor of the plaintiff Kohlar, against the defendant Hauss, for the amount of the plaintiff's claim with costs. The justice issued an execution on the judgment, and accompanied the same with an order for the arrest and imprisonment of the defendant Hauss, in case the judgment was not collected. Upon this order the constable further arrested and imprisoned the defendant Hauss. The affidavit upon which the order of arrest was issued reads as follows:

"John Kohlar, being duly sworn, says that he is the plaintiff in the above-entitled action; that said plaintiff has commenced said action against the defendant Philip Hauss for the recovery of $45, with interest at the rate of eight per cent. from November 5th, 1878, and costs of suit; that said defendant is indebted to said plaintiff in said sum for property sold to him on the 5th day of November, 1878; that said debt is just, is due, and is wholly unpaid; that said affiant believes that said plaintiff ought to recover of said defendant said sum of $45, with interest from the 5th day of November, 1878.

"That said affiant is justified in the belief of the existence of the above particulars, by the following facts and circumstances, threats and declarations: That said defendant has said he did not intend paying the plaintiff, and that he never did intend to pay him from the time the debt was contracted to the present time."

No motion was made to set aside said order of arrest, and no proceedings were had with reference thereto, further than as above stated. Afterward the defendant, Philip Hauss, commenced this present action for false imprisonment against the plaintiff John Kohlar, and his attorney A. R. Head, and the justice of the peace S. B. Thompson, and the constable W. W. Norris; and the defendants justified as aforesaid. The plaintiff claims that this justification was entirely insufficient, because, as he claims, the affidavit, upon which all the proceedings connected with his arrest were founded, was absolutely void.

The defendants in error, defendants below, have filed no brief nor made any appearance in this court; and hence we do not know precisely what their claim is. But we take it from the record and the brief of the plaintiff in error, that the only question for us to determine is, whether the affidavit for the order of arrest is absolutely void or not. If the affidavit was only irregular, and merely voidable, we would think that the justification was sufficient; but if it is absolutely void, substantially the same as no affidavit, then we would think that the justification was not sufficient. We think that the affidavit is absolutely void. It does not state any one of the grounds necessary to be stated in an affidavit for an order of arrest. Section 16 of the bill of rights of the constitution provides that "no person shall be imprisoned for debt, except in cases of fraud." And § 18 of the justices' code gives the grounds and the only grounds upon which an order of arrest may be issued. These grounds, or some one of them, must necessarily be stated in the affidavit for the order of arrest, or the order of arrest will be void. These grounds are as follows:

"*First*, That the defendant has removed or begun to remove any of his property out of the county, with intent to defraud his creditors. *Second*, That the defendant has begun to convert his property, or any part thereof, into money, for the purpose of defrauding his creditors. *Third*, That he has property or rights in action which he fraudulently conceals. *Fourth*, That he has assigned, removed or disposed of, or has begun to assign, remove or dispose of his property, or any part thereof, with intent to defraud his creditors. *Fifth*, That the defendant fraudulently contracted the debt or incurred the obligation for which suit is about to be brought. *Sixth*, That the defendant is about to abscond, with intent to defraud his creditors. The affidavit shall also contain a statement of the facts claimed to justify the belief in the existence of one or more of the above particulars." (Comp. Laws 1879, p. 705.)

It will also be seen that said § 18 of the justices' code requires that the affidavit shall contain a statement of the facts claimed to justify the belief in the existence of one or more of the grounds for the order of arrest. In the first para-

graph of the plaintiff's affidavit for the order of arrest, he states certain things, but does not state any one of the statutory grounds for an order of arrest. In the second paragraph of the affidavit, he simply states what he claims justifies him in the belief of the existence of what he states in the first paragraph of his affidavit. He does not even claim that the facts stated in the second paragraph would justify him in the belief of the existence of any one of the statutory grounds for an order of arrest. The ground that the plaintiff would probably have stated, if he had stated any ground, would be, we suppose, the fifth statutory ground; that is, "That the defendant fraudulently contracted the debt or incurred the obligation for which suit is about to be brought." But he does not state this ground in his affidavit; and he does not even say that the facts which he states justify or tend to justify him in the belief of the existence of any such ground. If the plaintiff in that action had stated any one of the statutory grounds, however informally and defectively, and however weak and inconclusive the evidence might be, we should be inclined to hold that the affidavit was not void, but at most only voidable. But where no ground is stated in the affidavit, and no evidence purporting to sustain or support any such ground, we think the affidavit is void; and as the affidavit is jurisdictional in its character, all proceedings had under it or founded upon it must also be void. This view seems to be sustained by the authorities: *Spice v. Steinruck,* 14 Ohio St. 213; *Gorton v. Frizzell,* 20 Ill. 292; *Von Kettler v. Johnson,* 57 Ill. 109; *Johnson v. Von Kettler,* 66 Ill. 63; *Proctor v. Prout,* 17 Mich. 473; *Cody v. Adams,* 73 Mass. (7 Gray) 59; *Hall v. Rogers,* 2 Blackf. 429; *Taylor v. Moffatt,* 2 Blackf. 305; *Painter v. Ives,* 4 Neb. 122; *Gillett v. Thiebold,* 9 Kas. 427; *Prell v. McDonald,* 7 Kas. 426; *Bauer v. Clay,* 8 Kas. 580.

Courts are not in the habit of extending by construction either laws or affidavits so as to impose restraint upon personal liberty. Besides, the creditor, being his own witness for the purpose of obtaining an order of arrest, he furnishing the affidavit upon which the order of arrest is issued, it is not

too much to require that he should make out a plain case. Generally, if he cannot make out a plain case when he files his own *ex parte* affidavit, it is pretty clear that he has no such plain case.

We think that the court below erred in overruling the demurrer. The judgment of the court below will therefore be reversed, and the cause remanded with the order that the demurrer be sustained.

All the Justices concurring.