*In the matter of the Petition of* J. A. HEATH *for a Writ of Habeas Corpus.*

1. JUDGMENT DEBTOR—*Execution Against Person—Insufficient Affidavit.* Before an execution against the person of a judgment debtor can be allowed by the supreme court, the district court, or any judge thereof, under the provisions of § 507, civil code, an affidavit therefor must be made by the judgment creditor or his attorney. An affidavit by an agent—not an attorney—is insufficient.

2. INSUFFICIENT EVIDENCE *May be Supplemented.* Under the provision of the civil code, §§ 505–507, authorizing an execution against the person of a judgment debtor, a district judge, at chambers, upon a sufficient affidavit of a judgment creditor or his attorney, with other evidence, has authority to require the judgment debtor to be arrested and committed until the judgment is paid, or he is discharged according to law.

*Original Proceeding in Habeas Corpus.*

PETITION for a writ of habeas corpus, filed in this court on October 13, 1888, by *J. A. Heath,* who alleged that he was unlawfully imprisoned by D. D. Britton, sheriff of Allen county. The facts are stated in the opinion herein, filed at the session of the court in December, 1888.

*Joseph Stewart,* for petitioner.

*L. W. Keplinger,* contra.

The opinion of the court was delivered by

HORTON, C. J.: S. A. Brown and T. E. Parish, partners as S. A. Brown & Company, obtained a judgment in the district court of Allen county, on March 31, 1888, against J. A. Heath, for the sum of $5,648.80, and costs. On April 6, 1888, T. W. Phelps, as agent of Brown & Company, made an affidavit setting forth that there remained unpaid upon the judgment $3,006.34, together with interest and costs; and also setting forth that J. A. Heath fraudulently incurred the obligation upon which the judgment was rendered; that he had removed his property out of the jurisdiction of the court with the intent

to prevent the collection of the money due on the judgment; that he had property which he fraudulently concealed with like intent; and that he had disposed of a part of his property and converted the same into money, with intent to defraud his creditors and prevent his property from being taken in execution. Thereon he asked an execution against the person of J. A. Heath. Subsequently this affidavit was presented to the judge of the district. court of Allen county, and upon the 21st day of April, 1888, an execution was ordered by the judge against the person of J. A. Heath, under the provisions of §§ 505–507 of the civil code. On April 23, 1888, the clerk of the district court of Allen county issued to the sheriff of said county, under the direction of the district judge of that county, an order or execution against the person of J. A. Heath, commanding him to arrest and commit him to the jail of Allen county until the judgment of S. A. Brown & Company was paid, or he was otherwise discharged by law. Upon this order or execution, J. A. Heath was arrested and committed to jail.

In the action of S. A. Brown & Company against J. A. Heath, tried on March 31, 1888, Georgia J. and Anna R. Amos also recovered a judgment against J. A. Heath, for the sum of $2,806.25, and costs. On April 6, 1888, G. A. Amos, as attorney of the judgment creditors, Georgia J. and Anna R. Amos, made affidavit for an execution against the person of J. A. Heath, under the provisions of §§ 505–507 of the civil code. On the 21st of April, 1888, the district judge of Allen county allowed an execution against the person of J. A. Heath, under the provisions of said § 507; and on the 23d day of April, 1888, the district clerk of Allen county issued an order or execution against the person of J. A. Heath, and commanding the sheriff of that county to arrest J. A. Heath and commit him to the jail of the county until the judgment of Georgia J. and Anna R. Amos was paid, or Heath was otherwise discharged according to law. Under the order or execution the sheriff arrested Heath, and committed him to jail. On April 24, 1888, J. A. Heath filed a motion for his discharge from arrest and imprisonment: first, because

of his inability to perform the act directed by the writs of execution against his person; and, second, because of his physical inability to endure imprisonment. This motion was heard by the district judge of Allen county, on the 1st day of May, 1888, and was then overruled. Heath excepted, and prosecuted proceedings in error in this court to reverse the order of the district judge of Allen county, in refusing to discharge him. The order of the district judge was recently affirmed in the case of *Heath v. Brown,* ante, p. 33. After that decision was filed, and on October 13, 1888, J. A. Heath commenced this proceeding in *habeas corpus,* to be discharged from imprisonment, and to be restored to his liberty. He contends that the execution against his person, upon the judgment rendered in favor of S. A. Brown & Company, is void, because it was issued upon the oath — not affidavit — of T. W. Phelps, agent. It is claimed that, as the affidavit is jurisdictional in its character, the whole proceeding is void, because the order recites "oath" in place of "affidavit," and because the oath was not made by the judgment creditor or creditors, or their attorney. As it sufficiently appears to us that the execution upon the judgment of S. A. Brown & Company against the person of J. A. Heath was only allowed by the district judge after the affidavit of T. W. Phelps had been made, and as this affidavit, together with the previous judgment, was the foundation of such execution, we cannot hold that the order or execution is void, because "oath" is recited in place of "affidavit." An "affidavit" is a written declaration under "oath." (*Atchison v. Bartholow,* 4 Kas. 124.) An "oath" is a declaration or promise made by calling on God to witness what is said. In the orders of the district judge the oath "referred to was a written declaration." If the affidavit had not been presented to the district judge until the motion to discharge, or until after the issuance of the execution against the person of J. A. Heath, then of course the execution could not be upheld. Executions of this character can only be issued upon a sufficient affidavit. (*Hauss v. Kohlar,* 25 Kas. 640.) Therefore, this leads us to the consideration of the question, whether the

execution against the person of a judgment debtor can be issued upon the affidavit of the "agent" of the judgment creditor, when such agent is not his attorney. The affidavit of T. W. Phelps shows that he is an agent, but it is nowhere shown that he was the attorney of the judgment creditors, in the action against Heath, or in any other proceeding. Section 507, civil code, reads:

"An execution against the person of the debtor, except as prescribed in section five hundred and nine, can be issued only when the same is allowed by the supreme court, the district court, or any judge of either, upon being satisfied, by the affidavit of the judgment creditor, or his attorney, and such other evidence as may be presented, of the existence of one or more of the particulars mentioned in section five hundred and six."

This section expressly states that the affidavit can only be issued when the court or judge is satisfied by the affidavit of the judgment creditor, or his attorney. "Courts are not in the habit of extending by construction either laws or affidavits so as to impose restraint upon personal liberty." (*Hauss v. Kohlar,* supra.) Therefore, it seems clear that an execution against the person of the judgment debtor must be founded upon the affidavit of the judgment creditor, or his attorney — not upon the affidavit of a mere agent. If a judgment creditor, or his attorney, has not sufficient evidence, personally, to warrant the issuance of such an execution, either may file an affidavit for the execution, setting up only those matters within their personal knowledge, and then supplement the same with other evidence from an agent or other person. But the affidavit of the judgment creditor, or his attorney, must always be filed before an execution against the person of a judgment debtor can be allowed or issued under said § 507. This construction of the statute has support from an examination of the provisions relating to attachments and other orders where the statute permits the orders to issue upon the affidavit of the plaintiff, his agent or attorney, but in § 507 "agent" is omitted. (*Duncan v. Drakeley,* 10 Ohio, 46–50; *Hyatt v. Robmson,* 15 id. 372.)

The restraint and imprisonment of the petitioner under the execution issued upon the affidavit of T. W. Phelps "as agent" is wrongful and illegal, and so far as that order or execution is concerned, he is entitled to his immediate discharge.

As the execution issued upon the judgment of Georgia J. and Anna R. Amos was founded on the affidavit of G. A. Amos, the attorney of the judgment creditors, and as the proceedings in that case were otherwise sufficient, legal cause is fully shown for the restraint of the petitioner in that case. Counsel, however, contend that the execution issued upon the Amos judgment is uncertain, indefinite, and therefore void, because the amount of costs is in blank, never having been properly taxed or inserted in the judgment. The amount of the judgment is stated in the order of the judge at the sum of $2,806.25, and the command is that Heath, the debtor, be imprisoned "until he pay said judgment, or is discharged according to law." The statute makes it the duty of the clerk of the court to tax the costs, and when so taxed, to insert them in the judgment; and this ought to have been done before the execution issued. (*Fisher v. Franklin,* 38 Kas. 251.) Therefore, as the order of the district judge does not state the amount of the costs, that part of the order amounts to nothing. The only judgment recited therein is $2,806.25. This is definite and certain; and the district judge, in commanding this amount to be paid, did not exceed his jurisdiction or authority. The defect or irregularity complained of is beneficial to Heath — not detrimental. Upon the face of the order, he will be entitled to his discharge when he pays the amount of the judgment recited therein.

It is also urged that a district judge at chambers, or in vacation of the court, has no power to issue an execution against the person of a judgment debtor. The statute expressly confers the power, and there is nothing in the constitution forbidding the exercise thereof. The bill of rights authorizes imprisonment for fraud. (Section 16.)

The petitioner will be discharged under the order or execu-

tion issued upon the judgment in favor of S. A. Brown & Company, but will be remanded upon the order or execution issued against him upon the Amos judgment.

All the Justices concurring.