BRYAN v. CONGDON.

(Circuit Court of Appeals, Eighth Circuit. March 21, 1898.)

No. 1,009.

1 FALSE IMPRISONMENT—IRREGULAR PROCESS.

The law lying at the foundation of actions for false imprisonment based on irregular process is that, if a person has been arrested and imprisoned under color of legal process, which is thereafter set aside for irregularity, the person who set that process in motion is responsible in damage to him upon whom the indignity and deprivation of liberty have been visited.

2. SAME—MINISTERIAL ACT OF OFFICER ISSUING WARRANT.

A clerk of the district court of Kansas, in issuing a warrant of arrest in a civil action, acts in a ministerial manner only, and his acts are no protection to the person promoting the proceeding, where the affidavit or warrant is defective, and is thereafter set aside for irregularity in its inception.

3. SAME.

If a motion to set aside a warrant of arrest on the ground of irregularity is denied by a court of competent jurisdiction, it does not thereby protect the complainant against responsibility for damages, where the order denying the motion is afterwards reversed on appeal, and the warrant vacated.

4. SAME—PETITION IN ACTION.

The plaintiff's petition alleged that the defendant caused his arrest under a warrant in a civil action issued by a clerk of the district court of Kansas, which was afterwards vacated on the ground of irregularity, and while he was in jail under said order, and after the defendant had recovered judgment against him in the civil action for money had and received, again caused his arrest on a warrant charging him with embezzlement of the same property for which the judgment was rendered. After he had given bail and been released on the charge of embezzlement, the defendant induced the sheriff to rearrest him under the original arrest proceedings. From this arrest he was released by the supreme court, for the reason that the affidavit in the original proceedings did not state facts sufficient to authorize the warrant. *Held*, that the petition stated facts sufficient to constitute a cause of action.

In Error to the Circuit Court of the United States for the District of Kansas.

A. L. Greene, for plaintiff in error.

C. S. Bowman (Charles Bucher, on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. This is an action for false imprisonment. The defendant in error instituted suit by attachment against the plaintiff in error in the district court of Harvey county, Kan., to recover the sum of $1,167.51 for money had and received. In connec-

tion therewith he filed with the clerk of said court his affidavit and bond for a civil order of arrest, as provided by the statute of Kansas, in which it was charged, inter alia, that the debt in question was fraudulently contracted. Thereupon the clerk issued a warrant of arrest, upon which the defendant therein (plaintiff here) was taken into custody by the sheriff, and in default of bail lodged in jail, where he was so imprisoned from the 18th day of August, 1893, until the 19th day of December, 1893, at which last date he was taken from jail by the sheriff and brought before the district court aforesaid to attend upon the hearing of a motion filed in his behalf to set aside said writ of arrest, and to attend upon a trial of the merits of the cause. This motion was denied, and judgment rendered against him for the sum of $866.78. In default of payment of said judgment he was again imprisoned at the instance of the defendant in error until May 19, 1894, when, without the solicitation or inducement of any of the officials of said county, the defendant in error made another affidavit before a justice of the peace charging the plaintiff in error with embezzling the same property for which the judgment was rendered. The justice of the peace bound him over under this charge for his appearance before said district court to answer thereto. He gave bail bond under this charge, and was set at liberty. Thereupon the defendant in error persuaded and induced the sheriff, without any additional process or authority, to rearrest the plaintiff in error, and place him in jail, under the original arrest proceedings. On writ of error to the supreme court, the action of the district court in refusing to discharge him on said motion was reversed, and the order of arrest was vacated for irregularity. During the pendency of the petition in error aforesaid in the supreme court, and before it was determined, he applied to the supreme court for a writ of habeas corpus to discharge him from the reincarceration made after the sheriff had once taken him out of jail for said hearing before the justice of the peace. The writ was granted, and he was discharged by the supreme court, which had held that the affidavit for arrest in the original proceeding was insufficient, in that it did not state facts sufficient to authorize the warrant. To the petition in this action the defendant in error demurred, on the principal ground that the petition "does not state facts sufficient to constitute a cause of action." The court sustained the demurrer and dismissed the action. To reverse this judgment the plaintiff prosecutes his writ of error.

The established law lying at the foundation of this action is that, if a person has been arrested and imprisoned under color of legal process, which is thereafter set aside for irregularity, the person who set that process in motion is responsible in damages to him upon whom the indignity and deprivation of liberty have been visited. Where the process is set aside for mere error committed by the court in the progress of the action, in contradistinction to irregular or void process, no responsibility may attach to him who caused its issue; but when it is vacated because it was irregular in its inception, responsibility at once attaches. "In the one case a man acts irregularly and improperly, without the sanction of any law, and he therefore takes the consequences of his own unauthorized act. But, where he relies on the judg-

ment of a competent court, he is protected." 1 Add. Torts, 151; Parsons v. Lloyd, 2 W. Bl. 844; Barker v. Braham, Id. 865; Collett v. Foster, 2 Hurl. & N. 361; Williams v. Smith, 14 C. B. (N. S.) 599; Cooper v. Harding, 7 Q. B. 928.

The principle of law expressed in Kerr v. Mount, 28 N. Y. 666, by Johnson, J., has been repeatedly recognized by the highest American courts, and applied to actions in trespass to property and person. It is this:

"Conceding it [the writ] to have been issued by proper authority in respect to jurisdiction, still, it having been set aside as irregular, it afforded no justification afterwards for acts previously done under it by the party in whose favor it was issued. If issued by competent authority and regular upon its face, it might afford protection to the officer for his acts previously done under it, but none whatever to the party. As to him, it was then as though no process whatever had been issued, and the goods had been taken and detained by his order without any process. The moment it was set aside the party became a trespasser ab initio." Chapman v. Dyett, 11 Wend. 31–33; Otis v. Jones, 21 Wend. 394; Hanmer v. Wilsey, 17 Wend. 91; Higgins v. Whitney, 24 Wend. 379; Lyon v. Yates, 52 Barb. 243; Webb v. Bailey, 54 N. Y. 166.

The whole doctrine is concisely summed up in Day v. Bach, 87 N. Y. 56, 60, and in Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251, substantially as follows: He who causes void or irregular process to be issued, whereby injury comes to another against whom it is enforced, is liable in damages therefor. Where the process is void, the right of action for the injury attaches when the wrong is committed, and no judgment vacating the process is required. "Process, however, that a court had general jurisdiction to award, but which is irregular by reason of nonperformance by the party procuring it of some preliminary requisite, or the existence of some fact not disclosed in his application therefor, must be regularly vacated or annulled by an order of court before an action can be maintained for damages occasioned by its enforcement. In such cases the process is considered the act of the party, and not that of the court, and he is therefore made liable for the consequences of his act."

Void process is defined to be such as was issued without power in the court to award it, or which the court has not acquired jurisdiction to issue in the particular case, or which fails in some material respect to comply with the requisite form of legal process. "Irregular process is such as a court has general jurisdiction to issue, but which is unauthorized in the particular case by reason of the existence or nonexistence of some fact or circumstance rendering it improper in such a case." The order made or judgment rendered by a court, which is simply reversed as erroneous, nevertheless affords protection to all persons acting under it. Error, as thus applied, consists in nonconformity to the rules of procedure in an action which the court is authorized to hear, "but not affecting any jurisdictional fact which can be taken advantage of only by appeal or motion in the original action." It will be found, on examination of well-considered cases, that where the courts have, in a case akin to this, held that no action for damages for arrest and false imprisonment will lie, it was predicated of the fact that the arrest was made under legal process, issued by some court or officer of the law invested with judicial power in the first instance to

pass upon and decide whether or not the jurisdictional facts are presented in the application to warrant the issuance of the writ. And even where such officer sanctions the writ, if the essential or substantive facts constitutive of jurisdiction are wholly wanting in the preliminary affidavit or statement, the rule is, nevertheless, that the process is void, and it affords no protection to him who promotes the proceeding. Miller v. Munson, 34 Wis. 579; Mudrock v. Killips, 65 Wis. 622, 28 N. W. 66; Loder v. Phelps, 13 Wend. 46; Bowman v. Russ, 6 Cow. 234; Hauss v. Kohlar, 25 Kan. 644. But where some requisite jurisdictional fact is stated, but imperfectly in form, or wanting in completeness or definiteness, and the like, which, however, prior to the issuance of the warrant, has received the approval of a judicial officer, the process will protect the prosecutor against an action for false arrest, although the same may subsequently be held to have been erroneous.

In Gillett v. Thiebold, 9 Kan. 427, Judge Brewer, with apparent misgiving, reached the conclusion that a justice of the peace under the constitution and statutes of Kansas was a judicial officer, and that in passing upon the sufficiency of the affidavit the question passed under judicial investigation in the first instance, as it was "never to be resubmitted to another officer nor examination by another mind." And, therefore, such a writ sheltered the affiant from liability as a trespasser ab initio. But the broad import of his language must be restrained to the matter in hand, for in the later case of Hauss v. Kohlar, supra, it was expressly held, in an action for false imprisonment under an order of arrest issued in a civil action by a justice of the peace, that, as the affidavit did not state any of the grounds required by the statute, the proceedings thereunder were bad, and the writ afforded no protection to the party who set it in motion. The court said:

"Courts are not in the habit of extending by construction either laws or affidavits so as to impose restraints upon personal liberty. * * * The creditor being his own witness for the purpose of obtaining the order of arrest, he furnishing the affidavit upon which the order of arrest was issued, it is not too much to require that he make out a plain case."

Applying these established rules of law to the case under review, how can the conduct of the defendant in pursuing the plaintiff as he did be justified in law? An examination of the constitution and statutes of Kansas satisfies us that the clerk of the district court who issued the warrant of arrest was not clothed with any judicial power. His functions in this matter were simply ministerial. It has been expressly stated by the highest judicial authority of the state that the clerk in issuing the writ of attachment performs "unquestionably a ministerial act." Gillett v. Thiebold, supra; Bryan v. Congdon, 54 Kan. 109, 37 Pac. 1009. Mr. Justice Brewer said:

"The clerk performs no other function than that of approving and filing the bond, filing the affidavit, and issuing the order of arrest. The control of proceedings, so far as discretion is concerned, is with the judge."

Therefore, the issuance of the writ by the clerk of the district court is merely a perfunctory act on his part, and he is neither required nor expected to bring to bear upon it the eye of judicial investigation.

But it is insisted by defendant in error that, as the district court

afterwards denied the motion to vacate the writ, in contemplation of law that act had relation back to the time of the issuance of the writ, and protected the defendant against any act done thereunder. The statute provides that:

"A defendant may at any time before judgment apply on motion to the court in which the suit is brought, if in session, and in vacation to a judge thereof, to vacate the order of arrest or reduce the amount of bail."

As said by Judge Brewer, in Gillett v. Thiebold, supra, the legislature might have required a judge or justice to examine into and pass upon the evidence and facts before issuing an attachment; but such is not the statute. It simply authorizes the district court, after the party has been arrested and put in jail, if he is unable to give bond, "to vacate the order of arrest or to reduce the amount of bail." The injury to the party wrongfully arrested has already been done. And when the action of the district court in refusing to vacate the order of arrest has been reversed by the judgment of the supreme court, and the writ vacated, it has relation back to the issuance of the writ by the district clerk, and stands as if it had never been issued.

The conduct of the defendant in pursuing the plaintiff, as disclosed by the petition, is entitled to little sympathy, as he manifested the spirit of revenge, if not of persecution. As if himself aware that the first writ of arrest was insufficient to justify the imprisonment of the plaintiff, he swore out another warrant, charging him with embezzlement of the same property for which he had obtained judgment, and had him brought from jail to answer thereto. And when he had placed upon plaintiff the burden of furnishing a bond to prevent his recommitment to jail, he pursued him further by inducing the sheriff, without any new process of law, to go upon the plaintiff, and again subject him to the ignominy of incarceration in jail, and compelled him to incur the trouble and expense of applying to the supreme court of the state for protection by the writ of habeas corpus. Since the concession of Magna Charta it has been one of the canons of personal privilege of the citizen that the sovereign himself shall neither "go upon nor send upon" him without due process of law. Certainly this vital principle has lost none of its virtue in the progress of Anglo-Saxon civilization.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings in conformity with this opinion.