## JOCHEM v. COOLEY.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1910.)

No. 3,102.

1. EXECUTION (§ 258*)—VALIDITY OF SALE IN ATTACHMENT SUIT—COLLATERAL ATTACK.

Code Civ. Proc. S. D. §§ 209–211, authorize an attachment to be issued to any county in the state and there levied on any property of the defendant. Section 218 provides that, if judgment be entered for the plaintiff, the sheriff shall satisfy the same out of the property attached upon an execution issued on the judgment. Sections 321, 331, and 332 provide for the filing and docketing of a judgment for money in any county, which shall then be a lien on the real estate of the defendant therein, and that an execution against property may be issued to the sheriff of any county where the judgment is docketed. *Held*, that a sale of attached real estate on an execution issued to the sheriff of another county, in which the land is situated, although the judgment has not been docketed in such county, is not void, but at most voidable, and cannot be collaterally attacked.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 736–739; Dec. Dig. § 258.*]

2. PROCESS (§ 151*)—"VOID PROCESS"—"IRREGULAR PROCESS."

"Void process" is defined to be such as is issued without power in the court to award it, or which the court has not acquired jurisdiction to issue in the particular case, or which fails in some material respect to comply with the requisite form of legal process. "Irregular process" is such as a court has general jurisdiction to issue, but which is unauthorized in the particular case, by reason of the existence or nonexistence of some fact or circumstance rendering it improper in such a case.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 151.*

For other definitions, see Words and Phrases, vol. 8, p. 7341; vol. 4, p. 3768.]

In Error to the Circuit Court of the United States for the District of South Dakota.

Action by Leopold E. Jochem against B. R. Cooley. Judgment for defendant, and plaintiff brings error. Affirmed.

James F. Trottman (Sioux K. Grigsby, on the brief), for plaintiff in error.

Robertson & Dougherty and Bailey & Voorhees, for defendant in error.

Before SANBORN, Circuit Judge, and RINER and Wm. H. MUNGER, District Judges.

Wm. H. MUNGER, District Judge. On the 2d day of June, 1893, one Melvin Grigsby commenced an action against Frederick T. Day in the circuit court in and for the county of Minnehaha, state of South Dakota, said court having jurisdiction thereof, to recover the sum of $37,700, and caused a writ of attachment to issue in said action out of said court, directed to the sheriff of Moody county in said state, which attachment was duly executed by the sheriff by levy upon the W. ½ of the N. E. ¼ of section 30, township 106, range 49, in said county, said lands then being owned by the defendant, Frederick T. Day, and a return of such levy was duly made to the said circuit court of Minne-

haha county. A notice of lis pendens was also issued on said 2d day of June, describing said land, and recorded in the office of the register of deeds of said county of Moody, on June 3, 1893. Such proceedings were thereafter had in said action that on the 23d day of November, 1894, a judgment was entered and docketed in said circuit court in favor of the plaintiff and against the defendant, for the sum of $30,084.25, which was thereafter reduced by order of said court to $26,128.84. On January 29, 1896, an execution was issued out of said court, directed to the sheriff of Moody county, which execution recited the levy of the attachment upon said real estate, the rendition of said judgment, the amount and date thereof, and also recited that a transcript of the judgment was duly filed and docketed in Moody county on October 12, 1895. Said execution directed the sheriff to satisfy the judgment out of the property so attached by the sale thereof, or so much as should be sufficient to satisfy said judgment, and that return of the execution be made within 60 days thereafter. Pursuant to said execution, the sheriff of said Moody county advertised the lands for sale, pursuant to the statute, and sold the same on March 14, 1896, to Melvin Grigsby, and issued to him a sheriff's certificate of said sale, and on March 14, 1896, the sheriff made due return of said execution and his proceedings thereunder in the manner provided by law. Said sale was, by the court, on April 10, 1896, duly approved and confirmed. On November 16, 1896, for the consideration of $400, said Melvin Grigsby assigned said certificate of sale to the defendant herein, B. R. Cooley. After the expiration of one year from the date of sale, no redemption having been made thereon, the sheriff of Moody County executed and delivered to the defendant herein, B. R. Cooley, a sheriff's deed for said real estate. Thereafter, on February 4, 1903, said Melvin Grigsby assigned the judgment to one E. R. Wynans, and a duly certified and authenticated transcript of said judgment, with the assignment thereof, was filed and docketed in the office of the clerk of the circuit court of Moody county, on the 26th day of February, 1903. On the 11th day of August, 1899, said Melvin Grigsby recovered another judgment against said Frederick T. Day in the said circuit court for the county of Minnehaha for the sum of $11,278.05, including costs, and a duly certified transcript thereof was docketed in the office of the clerk of the circuit court for said county of Moody, on the 22d day of August, 1899, and on the 4th day of February, 1903, said judgment was also assigned by said Grigsby to said E. R. Wynans, and a certified transcript of said judgment was filed in Moody county on the 26th day of February, 1903. On February 24, 1903, an execution was issued upon said judgment, delivered to the sheriff of Moody county on the 27th day of February, 1903, who levied the same upon the lands hereinbefore described. The sheriff, after giving notice as required by statute, sold the same on April 11, 1903, to Leopold E. Jochem, plaintiff herein, for $150, and issued to him a sheriff's certificate of sale therefor. Said sheriff, on April 13, 1903, made a return of said execution to said circuit court with his proceedings under said writ, which sale was, on June 6, 1903, approved and confirmed by the court, and on April 30, 1904, the sheriff of Moody county executed and delivered to said Jochem, plaintiff herein, a sheriff's deed for said

land. The defendant herein, B. R. Cooley, entered into the possession of said real estate on or about August 7, 1897, and continued the occupation and possession of said premises until the commencement of this action. The records of the clerk of the circuit court for Moody county do not show entries of the filing or docketing of the judgment obtained by Grigsby against Frederick T. Day on November 23, 1894, prior to the 26th day of February, 1903.

On August 2, 1907, Leopold E. Jochem, plaintiff herein, commenced an action of ejectment against the defendant, B. R. Cooley, in this court. Issues were joined, trial by jury waived in writing, and trial had to the court. Findings of fact were made and judgment entered in favor of defendant, to reverse which plaintiff brings the case to this court by writ of error. Both plaintiff and defendant claim title to the land by virtue of the respective sales made by the sheriff of Moody county under executions issued upon said judgments. Plaintiff bases his contention that the sale under the execution of November 23, 1896, was void, and no title passed, because of the fact that, prior to the execution and sale, no transcript of the judgment had been filed and docketed in Moody county.

Section 209 of the Code of Civil Procedure of the state of South Dakota authorizes an attachment to be issued to the sheriff of any county in the state in which property of the defendant may be. Section 210 requires the sheriff to whom such warrant is directed to attach all the real property of such debtor, and all of his personal estate, or so much thereof as may be sufficient to satisfy the plaintiff's demand, costs, and expenses, etc. Section 211 requires the sheriff to make an inventory of the property so seized, and where real estate is attached to describe the same and return the warrant and such inventory within 20 days. Section 218 provides that if judgment be entered for the plaintiff in such action the sheriff shall satisfy the same out of the property attached by him, if it shall be sufficient for that purpose, upon an execution which shall be issued on such judgment. Section 321 provides for the filing of a transcript of any judgment for the payment of money in any county in the state, and upon the filing of the same with the clerk of the circuit court of said county it shall be a lien upon all the real estate of the judgment debtor, except the homestead, from the date of the filing. Section 331 provides for three kinds of executions: One against the property of the judgment debtor, another against his person, and the third for the delivery of the possession of real or personal property. Section 332 provides that, when the execution is against the property of the judgment debtor it may be issued to the sheriff of any county where the judgment is docketed. Real property adjudged to be sold must be sold in the county where it lies by the sheriff of such county, or by a referee appointed by the court for that purpose.

If such sale was void, and no title passed, it may be questioned in this collateral proceeding. If such sale was voidable merely, it can only be assailed by an appropriate proceeding of review. In support of plaintiff's contention that the sale was void because issued to Moody county before the docketing of a transcript of the judgment therein, we are cited to the cases of McDonald v. Fuller, 11 S. D. 355, 77 N. W. 581,

176 F.—46

74 Am. St. Rep. 815; Carson v. Fuller, 11 S. D. 502, 78 N. W. 960, 74 Am. St. Rep. 823; Locke v. Hubbard, 9 S. D. 364, 69 N. W. 588. These cases, however, related to general executions, in which the court acquired no jurisdiction over the property except by levy of the execution. In this case, however, the court had jurisdiction of the parties in Minnehaha county, and acquired jurisdiction over the real estate in question in Moody county, not by levy of the execution, but by virtue of the attachment. Much of plaintiff's argument has been directed to the proposition that, upon the rendition of the judgment, the attachment lien became merged in the judgment lien; but under the statute the judgment rendered in Minnehaha county did not become a lien upon the real estate of defendant in Moody county until the filing of the transcript in that county, and we know of no authority holding that an' attachment lien is lost by merger in the judgment before the judgment becomes a lien. The court having jurisdiction of the property, such jurisdiction continued until the sale and conveyance thereof by the court; and, if the sale was directed and made before a transcript of the judgment was filed in Moody county, that was an irregularity which rendered the sale voidable but not void. The court having jurisdiction of the property, its process directing the sale, before a transcript of the judgment had been filed in Moody county, may have been voidable; but we do not think it void.

In Bryan v. Congdon, 86 Fed. 221–223, 29 C. C. A. 670–672, this court defined void process and irregular process as follows:

"Void process is defined to be such as was issued without power in the court to award it, or which the court has not acquired jurisdiction to issue in the particular case, or which fails in some material respect to comply with the requisite form of legal process. Irregular process is such as a court has general jurisdiction to issue, but which is unauthorized in the particular case by reason of the existence or nonexistence of some fact or circumstance rendering it improper in such a case."

Applying these principles to the case at bar, it is clear that the court had power and jurisdiction to issue its process for the sale of the attached property over which it had acquired jurisdiction by virtue of the attachment. The form of the process was in compliance with the statute, and hence the execution in question does not fall within such definition of void process. It falls rather under the definition of irregular process, as the court had general jurisdiction to issue the same, and, if unauthorized in the particular case, it was because of the fact that the transcript of the judgment had not been filed in Moody county. The objection to the sale because the transcript had not been filed could have been made in the court from which the execution issued, upon proper proceeding to vacate the same, or upon objections to the confirmation of the sale. No such steps were taken, no action was brought until this one, which was not commenced until five days before the 10-year statute of limitations would have run. The law is elementary that a judgment which is not void, but voidable merely, cannot be assailed in a collateral proceeding.

As the sale in this case was not void, but at most voidable, it is not subject to collateral attack in this proceeding, and the judgment is affirmed.