MADISON Y. JOHNSON

*v.*

JOHN H. VON KETTLER.

66    63
48a 282

66     63
207  1  49

66     63
115a  1196

1. CHANGE OF VENUE—*improper change waived by going to trial without objection.* It was assigned as error that the court improperly granted a change of venue in a civil case on the third application of the plaintiff, after two previous applications by him had been overruled, but it was *held*, that the defendant, by going to trial in the court to which the cause was sent, without objection, waived the irregularity and error, if there was any.

2. SAME—*how to take advantage of error in granting change.* Where a change of venue is improperly granted, the proper practice for the party complaining is, to move to remand the cause to the county from which it was sent, and if his motion is overruled, take an exception, and embody the motion and ruling of the court in a bill of exceptions.

3. IMPRISONMENT—*justifying under order of county court.* Where a party procures the commitment of another to the common jail, under an order of the county court, if the court has jurisdiction to order the commitment, all parties acting under such order, however irregular it may be, may justify under it, when sued in trespass, but if there is a want of jurisdiction, then all persons who assisted in procuring the illegal arrest will be liable in trespass for the damages sustained by the person so imprisoned.

4. POWER OF COUNTY COURT TO IMPRISON—*refusal of administratrix to pay claim allowed.* Where the county court ordered an administratrix to pay a claim allowed against the estate she represented, within thirty days, which she and her husband refused to do, he having the assets in his hands, it was held that the court had no power or jurisdiction to order the imprisonment of the husband for non-compliance with its previous order, as he was not a party to such order. And it makes no difference, in this respect, that he was present when the order was made against his wife, and was pecuniarily liable in a proper proceeding against him.

5. ADMINISTRATOR—*imprisonment for neglect to pay over money on order of court—demand.* Where the county court ordered an administratrix to pay a certain claim which had been allowed, within thirty days, and a demand of payment was made on the same day: *Held*, that the administratrix could not be in default until the expiration of the thirty days, and that any demand of payment before that time was an absolute nullity, and could not form the basis for a subsequent order of commitment for a refusal to pay over the money due the creditor.

6. In such a case, in order to give the county court jurisdiction to make an order of commitment, the creditor should make his demand after the time limited in the order of payment, and even then the court could not act until thirty days after such demand.

7. TRESPASS TO PERSON—*relevancy of evidence.* On the trial of an action of trespass for the illegal arrest of the plaintiff under a void order of the county court, for refusal to pay a claim allowed against an estate, the court permitted the plaintiff to read in evidence the original note which had been merged into a judgment against the estate, and which had been claimed to be a forgery, and also other notes, against defendant's objection: *Held*, that the evidence was wholly irrelevant and that it was error to admit it.

8. SAME—*evidence in mitigation of exemplary damages.* Where the plaintiff sues in trespass for an illegal arrest, the facts and circumstances which led to the procuring of the arrest, showing misconduct and fraud on the part of the plaintiff, are admissible in evidence on the part of the defendant, not in bar of the action, but as proper to be considered by the jury in mitigation of vindictive or exemplary damages.

9. DAMAGES, EXCESSIVE—*in trespass for false imprisonment.* Where the plaintiff was arrested and imprisoned under an order of the county court procured by the defendant in the utmost good faith and without any malicious motive, in endeavoring to enforce the payment of a claim in defendant's favor allowed against an estate, which order was void for want of jurisdiction in the court to make it, and the proof showed that the conduct of the plaintiff was highly improper and fraudulent, and proceeded from a corrupt motive to prevent the ultimate payment of defendant's claim, the jury assessed the plaintiff's damages at $4000, which was reduced by a remittitur to $2000: *Held,* that the damages, even as reduced, were excessive.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. LOUIS SHISSLER, for the appellant.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This cause was before the court at a former term, and was reversed, for the reasons stated in the opinion in *Wilhelmina Von Kettler* v. *Johnson et al.* 57 Ill. 109.

On the remandment of the cause the defective pleas were amended and the cause was tried on its merits. The jury found the issues for appellee, and assessed his damages at four thousand dollars, of which amount he remitted the sum of two thousand dollars, and the court overruled a motion for a new trial, and entered a judgment on the verdict for two thousand dollars.

One error assigned is, that the court improperly changed the venue of the cause on the application of appellee, after having twice overruled previous motions for the same purpose. If there was error in awarding a change of venue on the third application, appellant is in no condition to avail of it. Having gone to trial in the county to which the cause was sent, without objection, he will be deemed to have waived any irregularity that may have intervened in changing the venue. *Hitt* v. *Allen,* 13 Ill. 592.

5—66TH ILL.

The proper practice, where a party complains of irregularity in changing the venue, is, to move to remand the cause to the county from which it was sent, and if the motion does not prevail, to take exception, and embody the motion and rulings of the court in a bill of exceptions. This the appellant did not do, and there is nothing before the court on that question to be considered.

Appellee, together with his wife, who was the administratrix of her former deceased husband, were arrested and imprisoned in the common jail of Jo Daviess county, by virtue of process issued by the county court, for contempt in not complying with an order which had been previously entered against the administratrix, requiring her to pay to Julius K. Graves the amount of his claim against the estate of her intestate, which process and order of committal, it is alleged, were issued without authority of law as to appellee, and this action was brought by him to recover damages for false imprisonment.

It is not controverted that appellant filed the affidavit and procured the arrest and imprisonment of appellee, and the most serious question in the case is, whether he can justify his conduct under the order of the county court.

If the court had jurisdiction to commit appellee, although it may have proceeded irregularly, still appellant could justify under its orders, but if there was a want of jurisdiction, then all persons who assisted in procuring the illegal arrest would be liable in trespass for such damages as appellee sustained. Let us see whether the court had jurisdiction.

The proceedings were evidently instituted under the provisions of the 126th section of the Statute of Wills, R. S. 1845.

The proceedings authorized by the 139th section of that statute have no application to the facts of this case. By the 126th section it is provided that "if any executor or administrator shall fail or refuse to pay over any moneys or dividend to any person entitled thereto, in pursuance to the order

of the court of probate, lawfully made, within thirty days after demand for such money or dividend, the court of probate, on application made, shall attach such delinquent executor or administrator, and may cause him to be imprisoned until he shall comply with the order aforesaid, or until such delinquent is discharged in due course of law."

It was sought to imprison appellee for the reason that he was the husband of the regularly appointed administratrix, and had taken upon himself the burden of the administration by virtue of his marital rights, and was, in a qualified sense at least, administrator of the estate of George Karman deceased.

Assuming that the position taken by counsel can be maintained, and that appellee received the assets of the estate in the capacity of administrator, still, it was as indispensable, before he could be put in default for non-payment of the claims against the estate, that he should first be required by an order "lawfully made" to pay such claims, as though he had been the actual administrator.

There was, in fact, no order on appellee to pay the claim of the creditor, Graves. The only cause specified in the statute, in this regard, for which he could be imprisoned, was for the non-compliance with an order of court after the proper demand had been made on him to do so. It is difficult to comprehend on what principle a party can be committed for not complying with an order of court when none has been entered against him. The proposition itself is absurd, and need not be elaborated. It is not sufficient that an order was entered against the administratrix. The appellee was no party to that proceeding, on the record or otherwise. It is no answer to this view to say he may have been actually present in the court room. No proceedings were being had against him, and what may have passed orally between him and the judge of the court, and not entered of record, is wholly immaterial.

The question of imprisoning appellee for the non-compliance of the administratrix with the order of the court, is a very different one from that of his pecuniary liability for such neglect. The failure of the administratrix to comply with the order of the court, lawfully made, to pay claims against the estate to parties entitled thereto is, itself, by the express terms of the statute, deemed and taken, in law, to amount to a devastavit, and it might fix the liability of the husband, and at all events it is quite clear that equity would compel him to deliver up the trust funds in his hands for the benefit of the creditors, or perhaps the same end might be attained by a proceeding against him in the county court under the 90th section of the Statute of Wills.

There is also another fatal defect in the proceedings of the county court affecting the question of jurisdiction. There was no sufficient demand on the administratrix, or appellee, to pay the Graves claim. Indeed there was no demand at all. In the former opinion this was held to be a jurisdictional fact. It is only after the expiration of thirty days after the demand that the party may be imprisoned. The right to imprison at all is only conferred by the statute, and by its provisions the expiration of thirty days from the demand is made a condition precedent to the issuing of the attachment.

The order required the administratrix to pay the creditor his claim within thirty days, and she had all that time within which to make payment. No demand could rightfully be made until after the expiration of that period. The only pretense that any demand had been made is, that immediately upon the court announcing its judgment, appellant went up to appellee, his wife standing by his side, and told him the court had made an order on him to pay the judgment to Mr. Graves in thirty days, and he wanted him to do it. What is said in the former opinion in regard to making the demand after the entry of the order to pay, was said in regard to a case where the court had ordered the immediate payment of the claim, and not in reference to the case where a day in the

future had been fixed for payment. It would have been competent for the court to have made an order for the payment of the Graves claim to be made at once, if it appeared the administratrix had funds in her hands with which to do it, but for satisfactory reasons the court extended the time of payment for thirty days, and the creditor was in no condition to take steps to enforce payment until after the expiration of that period. Any thing that he may have done previous to that time was a nullity, and will be regarded as not having been done at all.

The error is well assigned that the court admitted improper evidence on behalf of appellee.

It permitted appellee to read to the jury, as evidence, the original note on which the Graves judgment was rendered against him and the administratrix. That suit was defended in the circuit court on the ground that the note was a forgery. This evidence may have led the jury to believe the question of the validity of the note was in some way involved in this controversy. It was merged in the judgment, and was not evidence for any purpose, and its introduction would tend to create an immaterial issue that may have prejudiced appellant.

The other notes were improperly admitted in evidence. They did not prove any issue involved, and must have introduced confusion into the case.

It is also assigned for error that the damages found by the jury, even after remittitur was entered, were excessive. After a most careful consideration of the entire evidence, we are of opinion the objection is well taken.

The claim which the administratrix was ordered to pay was contested in the circuit court, and subsequently allowed in the county court, and no appeal taken, so there was an end of litigation in regard to it. It was the plain legal duty of the administratrix to pay it, and there were abundant assets belonging to the estate for that purpose, if the same had not been wrongfully appropriated by appellee to his own use. By

means of fictitious claims, and a most singular and irregular settlement had in the county court, he sought to make it appear that the assets of the estate had been previously exhausted in the payment of debts under the direction of the court.

The evidence shows that he had bought a piano and other property for his private use, and had the amounts paid therefor allowed as claims against the estate in favor of the parties from whom the purchases had been made, without their knowledge. He testifies himself that he never knew Karman in his lifetime, and never had any dealings with him, and yet he presented a claim against the estate for over eight thousand dollars, and had it allowed in a settlement as having been paid to him by the administratrix. Thus he obtained possession of the entire assets of the estate. Such conduct can only be attributed to a corrupt contrivance on his part to prevent the ultimate payment of the Graves debt.

The parol evidence shows, although the court did not find that fact as it ought to have done, there were funds belonging to the estate sufficient to pay the creditor's claim. When the administratrix was ordered to pay it, he ought to have returned to her a sufficient amount with which to discharge the debt if she chose to do so. It was the money of the estate, and not his. When she was attached for non-compliance with the order of the court he still withheld the funds, and suffered her to be committed to what the evidence shows was a loathsome and offensive jail, expressing a defiant purpose that the claim should never be paid. He had all her money, and she was helpless in his hands, and could not avoid going to jail if she would. The conduct of appellee can not be reconciled with fair dealing, and while it constitutes no defense to the action, it is proper evidence to be considered in mitigation of vindictive or exemplary damages. The evidence discloses that appellant acted in the utmost good faith, and with no malicious purpose whatever.

The very fact that the jury assessed appellee's damages at the sum of four thousand dollars shows that they must have been actuated by passion and prejudice, and the verdict was not the result of that clear and unbiased judgment which ought to characterize all judicial proceedings.

Upon another trial the court will cause the instructions to conform to the views expressed in this and the former opinions.

The judgment is reversed and the cause remanded.

*Judgment reversed.*