Dissenting Opinion.
Fenner, J.
This is an action for false imprisonment. It clearly .appears on the face of the petition that, though defendants are ■ charged with instigating the proceeding, yet the imprisonment, for which damages are claimed, was effected in execution of a judgment of the Civil District Court, which found plaintiff guilty of a ■ contempt and sentenced him to the punishment.
On this point the petition is unambiguous. I quote the allegations: That “plaintiff was arrested on a process for contempt .of court, which said contempt was treated as consisting in and made of a violation of an injunction issued in a suit against. one Bernard Barthe, .and to which plaintiff was in no respect a party; that under said process petitioner was, by the judge of the Civil District Oourt in which said suit was pending, found guilty of said contempt and for the same sentenced to an imprisonment in the parish prison for the period of ten days.”
Upon these allegations the judge a quo sustained an exception of no cause of action, and, as I think, correctly.
Defendants can not be mulcted in damages for simply submitting to the court the question whether or not the plaintiff had committed .a contempt of its authority. The finding and sentence of the court *137 would be a complete bar to an action for malicious prosecution of a -civil suit, and, I think, it equally bars this suit for false imprisonment.
It is claimed that this finding and order of the court were absolute nullities, because Art. 308 of our Code of Practice only authorizes :punishment for disobedience of an injunction when committed by ■“one against whom the injunction is directed.”
But Art. 131 confers upon courts'the much broader authority to “punish all contempts of their authority” by fine and imprisonment. 'This power is not confined to parties to causes, and I can well conceive that a third person might knowingly and intentionally so act with reference to something prohibited by its injunction as to con•stitute a “contempt of its authority.”
The judgment finding plaintiff guilty of contempt was one within the jurisdiction of the court, rendered on a question which it was bound to determine, which was unappealable, and which has never been annulled or set aside by any appeal to the supervisory jurisdiction of this court.
Its validity can not be questioned collaterally, and it should stand •as valid until set aside by competent authority, as was done in the cases of Liversey and Hero.
But if it were conceded that the judgment was an absolute nullity, .yet having been rendered by a superior court of general jurisdiction, I think it still operates a complete protection to defendants.
It seems to me self-evident, that if the nullity were so absolute that it could not .protect defendants, who merely suggested it, still -less could it avail as a protection to the judge who rendered it and ■ caused it to be executed, and if plaintiff has a case for damages here ..against the defendants, he has a better ease against the learned judge who incarcerated him.
But it is now well settled that while judges of inferior courts, vested only with limited and special jurisdiction, are held answerable at law to all persons injured by their acts in excess of their jurisdiction and power, a contrary rule prevails with reference to the judges of ■superior courts of general jurisdiction.
This distinction was fully considered and enforced by the Federal Supreme Court in the case of Bradley vs. Fisher, 13 Wall. 335, and the reasons on which it is based are well expounded by Mr. Oooley in -his work on Torts, p. 419.
This removes the ease from the operation of the authorities quoted *138 in the majority opinion. In Johnson vs. Kettler, 66 Ill. 63, the judicial order rejected as a protection was rendered by a county court; in Spice vs. Steinruck, 14 Ohio St. 413, by a justice of the peace; in Diehl vs. Friester, 37 id. p. 473, by a probate court. ' These are all,, generally and presumably, inferior courts of limited jurisdiction, and do not fall under the protection granted to courts of general jurisdiction. *
The Civil District Court is a court of the broadest and most general' jurisdiction possible. Under the well settled principles above referred to the orders and decrees rendered by its jndges, in the exercise of judicial power and of jurisdiction, which is invoked by litigants, and which, rightly or wrongly, they decide that it possesses,. form a complete shield against a civil action on account thereof for the judges themselves, for the officers executing the orders, and for the parties invoking them.
It need hardly be said that actions for wrongful issuance of conservatory process rest on absolutely different principles.
For these reasons I dissent from the opinion and decree.