[No. 1520.]

## C. P. STROZZI, RESPONDENT, *v.* IRA D. WINES AND EUGENE WINES, APPELLANTS.

JUSTICE OF PEACE—JURISDICTION—FORCIBLE ENTRY AND DETAINER. A justice of the peace has no jurisdiction of an action for forcible entry and unlawful detainer.

CRIMINAL LAW—TRESPASS. Under the statutes of this state trespass is not a crime.

FALSE IMPRISONMENT—DEFENSES—VOID PROCESS. A complainant, at whose instance an arrest was made, cannot justify under a void process.

IDEM—IDEM—PROBABLE CAUSE. In an action for damages for false imprisonment, the question of probable cause does not depend upon the fact of actual guilt of the person imprisoned, but whether the prosecutors, as reasonable men, had cause to believe him guilty.

IDEM—DAMAGES. In an action for damages for false imprisonment, where the testimony tended to show bad faith upon the part of the defendants in retaking possession of the property in dispute during the absence of the plaintiff while under arrest, a judgment for two hundred dollars is not excessive.

APPEAL from the District Court of the State of Nevada, Elko county; *G. F. Talbot*, District Judge:

Action by C. P. Strozzi against Ira D. Wines and Eugene Wines, for damages for false imprisonment.  Judgment for plaintiff, and defendants appeal.  Affirmed.

The facts sufficiently appear in the opinion.

*E. S. Farrington,* for Appellants:

I. If this is an action for malicious prosecution, both malice and want of probable cause must be proven by a preponderance of the evidence. If either malice or want of probable cause be not shown, a verdict for the plaintiff cannot be sustained. Malice may be inferred from want of probable cause, but probable cause must be shown by direct and positive testimony. (*Fenstermaker* v. *Page,* 20 Nev. 290.)

II. If this be an action of trespass for a false imprisonment, or for a malicious arrest, according to some authorities, the plaintiff cannot prevail unless it appears by a preponderance of the evidence that there was no probable cause for the action against Strozzi, and for his arrest. (*Neall* v. *Hart,* 115 Mass. 347; 2 Am. St. Rep. 260; 1 Estee Pleading, sec. 1656; *Casebeer* v. *Rice,* 24 N. W. 693.)

III. It was error to instruct the jury that the question of trespass and title were immaterial and not in issue in the case. By this instruction defendants were deprived of the benefit of their testimony showing probable cause. The court, after stating to the jury that all the instructions offered by counsel were incorrect, except one, and that a great amount of testimony had been offered, tending to show that Strozzi was a trespasser when he entered the Len Wines place; and, also, that much testimony had been given as to the title to that property, instructed them as follows: "The question as to whether Strozzi was a trespasser, or who owned the property, is immaterial and not in issue in this case." The court again says in its instructions: [This action] "is not brought to determine who owns the real property, or to determine whether plaintiff is guilty of a trespass." These instructions were both given without any qualification whatever. And, while the jury are told that "the only question is: Did the defendants have Strozzi arrested maliciously and without probable cause?" that they may "grant exemplary or punitive damages" if they find that Ira D. Wines swore to the complaint in the justice court "maliciously, without probable cause, and with spite or ill will," and that the fact that the justice "issued the warrant of arrest is no defense if the defendants acted maliciously and without probable cause," they are nowhere in the instructions

informed that they may consider the testimony as to the trespass of Strozzi—that is, the evidence tending to show a fraudulent and forcible entry and unlawful detainer by Strozzi—in determining whether there was malice or probable cause, or in determining the amount of damages to be awarded, or in deciding whether Strozzi is entitled to exemplary damages.

IV.   The effect of the instruction was to take the evidence as to the trespass and title away from the jury, and to exclude from them evidence within the knowledge of the defendants which tended to show that Strozzi was guilty of a fraudulent and forcible entry and unlawful detainer.   If the evidence was admissible, it certainly should have been considered. (*Ricord* v. *C. P. R. R. Co.*, 15 Nev. 183; *Hitchcock* v. *North*, 39 Am. Dec. 540; *O'Brien* v. *Frasier*, 54 Am. Rep. 171; *Swindell* v. *Houck*, 28 N. E. 736; *Casebeer* v. *Rice*, 24 N. W. 698; *Murphy* v. *Martin*, 16 N. W. 606; *Sanders* v. *Palmer*, 55 Fed. 222; *Johnson* v. *Miller*, 19 N. W. 310.)

V.   In the case of *Fenstermaker* v. *Page*, 20 Nev. 290, which the court evidently had in mind when giving its instructions, evidence as to the ownership of the heifers, which plaintiff was accused of killing, was rejected in the lower court.   This action of the lower court was sustained by the supreme court, on the ground that no offer was made in connection with the question to produce evidence showing that the defendant knew, or should have known, that the cattle wounded did not belong to another person.   In the present case the evidence was all in, and it had already been shown that the defendants knew of the trespass and all the facts connected therewith.   Had such an offer been made, the evidence as to the ownership of the heifers would have been clearly admissible, and, being admitted, it would have been error to have instructed the jury that it was immaterial.   This question is discussed by the court in the case of *Ricord* v. *C. P. R. R. Co.*, 15 Nev. 183.   All of the circumstances tending to show defendants' motives ought to be inquired into.   (*Hitchcock* v. *North*, 39 Am. Dec. 540; *O'Brien* v. *Frasier*, 54 Am. Rep. 171; *Swindell* v. *Houck*, 28 N. E. 736; *Burt* v. *Place*, 4 Wend. 591; *Besson* v. *Southard*, 10 N. Y. 236; 2 Greenleaf's Ev. sec. 457; *Johnson* v. *Miller*, 19 N. W. 310.)

· VI.  If Wines merely stated all the facts fully and honestly to the justice of the peace—and on this point there appears to be no conflicting testimony—and the justice put a wrong construction on such facts, or mistook the law, Wines is not liable.  The court erred, therefore, in refusing to give defendants' second instruction.  (*Ball* v. *Rawles*, 28 Pac. 940, sec. 3; *Marks* v. *Sullivan*, 33 Pac. 226; *Barker* v. *Stetson*, 7 Gray (Mass.) 53; *Booth* v. *Kurrus*, 26 Atl. 1013; *Nowak* v. *Waller*, 10 N. Y. S. 199; *Teal* v. *Fissel*, 28 Fed. 351; *Langford* v. *Boston & A. R. Co.*, 144 Mass. 431; *Oakley* v. *Tate*, 24 S. E. 806; Bishop, Non-Contract Law, sec. 211; *Neall* v. *Hart*, 115 Mass. 347.)

*John T. Baker* and *Brown & Henderson*, for Respondent:

I.  False imprisonment is the *unlawful* restraint of another contrary to his will, either with or without process of law. Its essential elements are:  First, detention of the person, and, second, the unlawfulness of the detention.  (7 Am. Ency. of Law, 661, 662, 664; *Comer* v. *Knowles*, 17 Kan. 436; *Johnson* v. *Bouton*, 53 N. W. Rep. 997; *Wachsmuth* v. *Merchants Bank*, 96 Mich. 426.)

II.  The questions of malice and want of probable cause are immaterial, except so far as they affect the measure of damages.  (*Johnson* v. *Bouton*, 53 N. W. 997; *Comer* v. *Knowles*, 17 Kan. 436; *Brown* v. *Chadsey*, 39 Barb. (N. Y.) 253; *Wachsmuth* v. *Merchants Bank*, 96 Mich. 426; *Bauer* v. *Clay*, 8 Kan. 580; 7 Am. Ency. Law, 688, note 8.)

III.  It is true, as stated in *Teal* v. *Fissel*, 28 Fed. Rep. 357, and other cases cited by appellants' counsel, that if a person "have probable cause to believe a crime has been committed, and does no more than make information of the facts, he is not responsible for the arrest which follows.  If the justice, through error of judgment, issues a warrant when none should issue, or an erroneous warrant, in substance or form, the error is his alone."  But the principle invoked by appellants' counsel is not applicable to the facts of this case.  The defendants had no probable cause to believe that a "crime" had been committed.  They did not intend to set in motion the criminal procedure of the justice court.  The supposed injury of which they complained was

of a civil nature; the remedy they sought was the redress of a supposed private wrong in order that they might be restored to a supposed private right. The arrest they asked for, and procured, was a civil arrest in a civil action. The policy which encourages the exposure and arrest of criminals cannot be appealed to for the protection of the defendants in this action. He who procures the arrest of another under a void writ in a civil action is guilty of false imprisonment. (7 Am. Ency. of Law, pp. 679–682, and cases cited in first paragraph on page 682; *Paulus* v. *Grobben,* 62 N. W. Rep. 163; *Teal* v. *Fissel,* 28 Fed. Rep. 351, and cases cited at page 352; *Wachsmuth* v. *Merchants Bank,* 96 Mich. 426; *Bryan* v. *Congdon,* 86 Fed. Rep. 221.)

IV. The plaintiff proved actual damages amounting to at least $60, in expenses, loss of time, etc. If there had been no proof of malice on the part of defendants, and of want of probable cause, plaintiff would have been entitled to a verdict for at least this amount. (*Wachsmuth* v. *Merchants Bank,* 96 Mich. 426; *Johnson* v. *Bouton,* 53 N. W. Rep. 997.) We think, however, that there was sufficient evidence to justify the jury in awarding exemplary damages, and that, under the circumstances of the case, a verdict of $200 was far from excessive.

V. *Probable cause* is such a state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice to believe that the person accused is guilty. (*Jordan* v. *Alabama G. S. R. Co.,* 81 Ala. 220; Hilliard on Torts, ch. 12, sec. 18.)

VI. The evidence not only fails to show that the defendants had reasonable grounds to believe Strozzi's entry and detainer to be fraudulent, but, on the contrary, it shows affirmatively that there were facts and circumstances within the knowledge of the defendants which would have induced an unprejudiced, impartial, reasonable man to think that Strozzi had made the entry and detained the premises in good faith, and believing that he had a legal right to enter upon and hold the premises. The defendants knew of the existence of the mortgage made by Len Wines and owned by the Elko-Tuscarora Mercantile Co. They knew that Strozzi

claimed to have bought the mortgage. They knew that Strozzi had entered the premises while they were vacant. They undoubtedly knew, since they must have known the condition of the house, that the entry was made without the breaking of doors or windows, and without violence, as testified to by Bartholomew.

By the Court, Belknap, J.:

Plaintiff purchased a mortgage made by Len Wines and wife to the Elko-Tuscarora Mercantile Company upon premises known as the Len Wines place, in Ruby valley in Elko county. He was advised by the vice-president of the company to take possession of the property. Acting upon the advice, he and two others took peaceable possession. He remained so in the possession for two weeks, when he and his companions were arrested by the constable of Ruby Valley township upon a warrant charging them with the offense of trespass. The warrant was issued by the justice of the peace of South Ruby township in a cause entitled: "*The State of Nevada, Plaintiff*, v. *C. P. Strozzi, et al., Defendants,*" wherein defendants were charged with forcible entry and unlawful detainer of the above-mentioned mortgaged property. They were brought to the justice's court, a distance of eight miles, when the case was continued, and finally dismissed without trial, at the instance of one of the defendants. Upon the return of plaintiff, after arrest, he was met by the other defendant at the gate of the premises, and forbidden to enter.

Upon substantially these facts a jury in an action for false imprisonment returned a verdict for $200 damages.

It must be conceded that in the action brought before the justice that magistrate had no jurisdiction of the action of forcible entry and unlawful detainer, which appellants seemed to have attempted to institute. The constitution confers jurisdiction upon the district courts of actions of this nature. Moreover, the warrant described an offense unknown to the criminal statutes of the state.

It is unnecessary to cite authority to the effect that the proceedings before the justice were absolutely void, and that the warrant could not afford any justification for the arrest.

Appellants assign as error the refusal of the court to give two certain instructions asked of and refused by the court, and also to the charge of the court.

The first of these proceeds upon the assumption that the justice's court had jurisdiction of the cause. This was contrary to the fact, and the instruction was therefore inapplicable. Without considering other objections to the second instruction, it is not the law that a complainant at whose instance an arrest has been made can justify under a void process. (7 Am. & Eng. Ency. p. 679, and cases cited.)

In the charge given by the court the jury were told, among other things, that the question whether plaintiff was a trespasser, or who owned the property, was immaterial; that the only question was: Did the defendants have plaintiff arrested maliciously and without probable cause? Appellants claim that the effect of this was to deprive them of the defense of probable cause. The question of probable cause did not depend upon the fact of Strozzi's actual guilt, but whether appellants, as reasonable men, had cause to believe him guilty. The rule announced by the court was more liberal to appellants than that contended for by themselves.

It is claimed that the judgment for $200 damages is excessive. There was testimony tending to show bad faith upon the part of defendants in retaking possession of the property during the absence of plaintiff under arrest, and this, of itself, fully supports the verdict and judgment.

The judgment and order denying a motion for new trial are affirmed.

BONNIFIELD, C. J.:   I concur.

MASSEY, J., did not participate in the decision.

PETITION FOR REHEARING UPON SUBSTANTIALLY THE SAME GROUNDS URGED ON APPEAL FOR REVERSAL OF THE JUDGMENT.

By the Court:

The defendant, Ira D. Wines, filed with a justice of the peace a written complaint alleging that C. P. Strozzi, the respondent herein, on the 8th day of August, 1896, entered into and took forcible and unlawful possession of certain

lands and premises in said complaint described, and that he still holds forcible and unlawful possession of said property, to the injury and damage of the complainant, and prayed for the issuance of a warrant for the arrest of said Strozzi, and for damages. A warrant was issued accordingly, and the respondent was arrested thereunder by the constable, and taken a distance of eight miles before said justice. The case was continued till the 2d day of September, and the respondent admitted to bail on his own recognizance. On said last-named date the respondent appeared in court for trial; thereupon the case was dismissed by the justice, upon the written request of Ira D. Wines, and the respondent was discharged.

The right to bring said action, and to have the respondent arrested therein, was based on the statute concerning forcible entries and unlawful detainers. Appellants' justification for said arrest is based on said statute, claiming that they attempted to follow the provisions of said statute, and acted without malice and upon probable cause.

Said statute provides that no entry shall be made into any lands, tenements or other possessions but in case where entry is given by law, and, in such case, only in a peaceable manner, not with strong hand, nor with multitude of people, and that, when any such forcible entry shall be made, or where the entry shall be made in a peaceable manner and the possession shall be held by force against the person entitled to the possession, the person so forcibly put out, or so forcibly holden out of possession, shall be restored to such possession by action to be commenced and prosecuted as in the said act provided; it further provides that the complaint in such action shall set forth the facts on which the plaintiff seeks to recover, and shall describe the premises sought to be recovered, with reasonable certainty, and may charge that the defendant has acted fraudulently in making such forcible entry, or holding such forcible possession, and may claim such damages as the plaintiff may deem proper, and that said complaint shall be verified, as in all other civil actions; and, further, that "upon presenting the complaint in said action, verified as aforesaid, and charging fraud in making such forcible entry, or in holding such possession by force, to the

judge of the court in which such action is brought, an order for the arrest of the defendant or defendants shall be made by such judge, and all the provisions of law from section seventy-six to section ninety-eight, both inclusive," of the civil practice act concerning arrest and bail, "shall be and are hereby made, the rule of procedure to said arrest and bail in said action of forcible entry or forcible detainer."

The complaint in the action in the justice's court did not charge fraud on the part of Strozzi, either in making such forcible entry, or in holding such possession by force, and was therefore radically defective, and did not authorize the issuing of a warrant of arrest, and was wholly insufficient to warrant the arrest of the respondent, under said statute; besides, a justice of the peace has no jurisdiction under said statute of an action for forcible entry or unlawful detainer.

It appears that the respondent had purchased a mortgage given by the owners of said land and premises to a third party to secure a debt; that the mortgagors had removed therefrom over three months before the respondent's entry into said premises, and without leaving an occupant thereof; that, at the time of the respondent's entry, he found no one in possession; that the defendant, Eugene Wines, had leased said premises from the mortgagors, his father, Ira D. Wines, acting as their agent therein; that on the day of respondent's entry, and prior to said entry, defendant Eugene Wines entered the premises and did some work in cleaning up the dwelling house preparatory to moving in subsequently; that defendants demanded the possession of the premises from the respondent, but he refused to surrender the possession; that in the enforced absence of the respondent, under said warrant of arrest, Eugene Wines entered and took possession of said premises, and kept the same.

Defendant, Ira D. Wines, testified in the action at bar in the trial court to the effect that, in bringing said action against the respondent, he merely wished to get him off of the premises in a legal way; that he did not have him arrested in order to get him off the premises for the time being, so that his son could take possession during respondent's absence, but because respondent had taken forcible and unlawful possession of the property, and was forcibly and

unlawfully holding it while it was in his (the defendant's) charge.

From the foregoing we think it clearly appears that the object the defendants had in view in bringing said action against the respondent was the protection or enforcement of a private statutory right, which they claimed was given them by said statute relative to forcible entries and unlawful detainers; that they proceeded on their own account and for their own benefit, and were not prosecutors for an offense against the public. The acts charged against the respondent do not constitute a public offense under said statute. In a proper action for forcible entry or unlawful detainer the plaintiff may have the defendant arrested and held to bail upon certain conditions as in said act specified, the same as in an action under the civil practice relating to "arrest and bail."

Where the statute confers upon a court or magistrate the power to issue a warrant of arrest in a civil case upon certain showing, to be made by affidavit or verified complaint, the statute being in derogation of personal liberty, such showing is a condition precedent to the issuance of such warrant, and a warrant of arrest predicated on affidavit or complaint, which does not contain the requisite showing, is void, for want of legal authority in the court or magistrate to issue it, and an arrest thereunder is illegal, making the person obtaining such warrant liable in damages for false imprisonment in an action by the person so arrested. (*Spice* v. *Steinruck,* 14 Ohio St. 213; *Hauss* v. *Kohlor,* 25 Kan. 640; *Von Kettler* v. *Johnson,* 66 Ill. 63; *Cody* v. *Adams,* 7 Gray, 59; Am. & Eng. Ency. of Law, 682, and note.)

Where the object in view is the protection or an enforcement of a private right, and a warrant is procured where none is authorized, and an arrest made, the individual procuring it, and all others participating, are held liable. (*Teal* v. *Fissel,* 28 Fed. Rep. 351.)

The above rule is recognized in *Gifford* v. *Wiggins,* 18 L. R. A. 356, and in many other cases.

It is not essential, in an action for false imprisonment, to allege or prove malice or want of probable cause in order to recover damages for injuries actually occasioned thereby.

(*Painter* v. *Ives*, 4 Neb. 122, and cases cited; *Cutler* v. *Lower*, 35 Ind. 285; Lawson's Rights and Remedies, sec. 1079, and cases cited.).

Petitioner says: "The jury were told that the question as to whether Strozzi was a trespasser, or who owned the property, was immaterial. About all the evidence given by the defense was on these very points; it tended to show that Strozzi did not own the property; that witness Wines was in possession of the same; that Strozzi forcibly and unlawfully entered it. The jury were told, in effect, that all this testimony was immaterial, and had nothing to do with the case." And he insists that this was error.

We answer, first, that neither party claimed to own the property. Strozzi claimed the right to enter under his mortgage given by the owners of the property, and Eugene Wines claimed under a lease from the owners. If it be admitted that Strozzi forcibly and unlawfully entered the premises, or forcibly and unlawfully held possession, this did not justify his arrest under said statute, as it was not alleged or shown that he did so fraudulently. If the action against Strozzi had been brought in a court of competent jurisdiction, the issuing of a warrant of arrest on the showing made would have been unauthorized and his arrest illegal.

Rehearing denied.

MASSEY, J., did not participate in the decision.