**STEPHENS v. SMITH et al.**

No. 21408. Opinion Filed Sept. 20, 1932.

118

H. F. Fulling, for plaintiff in error.

A. C. Saunders, for defendants in error.

KORNEGAY, J. Complaint is here made of the action of the district court of Tulsa county in sustaining a demurrer of the surety on the official bond of a justice of the peace. The dereliction complained of, as set out in the petition, is based upon the discharge of an attachment that had been issued by the justice of the peace and seizure of an automobile thereunder, which at the time of the discharge was held by the constable. The charging part of the petition involved is as follows:

"That in said action this plaintiff was represented by Amos T. Hall, an attorney at law and a member of the Tulsa county bar; that while said car was so held by said constable in said attachment proceedings, the defendant Smith, as justice of the peace. corruptly and fraudulently entered into a conspiracy with the said J. W. Montgomery and his attorneys and Amos T. Hall, attorney for plaintiff in said action, to cheat and defraud this plaintiff and to obtain, procure and have a release of said attached car and attachment proceedings; that said Montgomery was a nonresident of the state of Oklahoma at the time said injuries occurred and said car was attached and said justice of the peace, along with the plaintiff's attorney, Hall, and the said J. W. Montgomery and his attorneys falsely and fraudulently represented to this plaintiff that said car of said Montgomery so attached was then under mortgage in the state of Texas, and that said car could not be held under said attachment proceedings, but must be turned over to the mortgagee; that all of said representations were known by said Smith as said justice of the peace to be untrue and made for the fraudulent and corrupt purpose of obtaining the release of said car and to persuade the plaintiff to consent to a dismissal of said attachment proceedings; that this plaintiff refused to dismiss said attachment proceedings or permit them to be dismissed, but notwithstanding such objections on the part of the plaintiff the said justice of the peace over the objections and protests of this

plaintiff and in order to carry out his conspiracy entered into with said Montgomery and his attorneys and said Hall as attorney for plaintiff, falsely, fraudulently, corruptly, dishonestly, and unfaithfully dismissed said attachment proceedings and released said car and permitted said Montgomery to take and drive the same out of the state of Oklahoma and beyond the jurisdiction of the court, thereby cheating and defrauding this plaintiff out of his right to collect any judgment he might obtain in said action and by reason of said acts the plaintiff was prevented from collecting any damages from said Montgomery.

"That said justice of the peace then and there in said acts herein alleged purposely, willfully, fraudulently, and corruptly failed to perform his duties as justice of the peace and then and there failed to faithfully perform his duties imposed upon him by law as justice of the peace and then and there failed, neglected, and refused corruptly and purposely to perform the duties imposed upon him and comply with the conditions of his bond and the defendant American Employers Insurance Company under its bond executed in behalf of said justice then and there became and has ever since been liable for the unfaithful and dishonest conduct of said justice of the peace.

"That by reason of the acts of said justice of the peace, this plaintiff has been damaged in the sum of $5,000, for which he should have judgment against the said justice of the peace and his surety upon his bond, the defendant American Employers Insurance Company.

"Wherefore plaintiff prays judgment against the defendants for the sum of $5,-000 and for costs and all other proper relief.

"H. F. Fulling, Attorney for Plaintiff."

The bond executed and declared upon, after reciting the appointment of the justice of the peace to the office, is conditioned as follows:

"Now, therefore, the condition of the foregoing obligation is such that if the principal shall faithfully perform such duties as may be imposed upon him by law and shall honestly account for all money that may come into his hands in his official capacity during the said term. then this obligation shall be void; otherwise, it shall remain in force."

It clearly appears from this proceeding that the dereliction of the justice complained of was in the performance of a judicial function in a matter over which his court had jurisdiction of the subject-matter and of the parties. The rule of non-liability of judicial officers for their judicial decisions prevails in this state. To allow a disappointed litigant to sue the officer, entrusted by law with the decision of the

matter in controversy, and to hold such officer personally liable for mistakes in rendering judicial opinions, would open the floodgates to a torrent that would practically destroy the last bulwark for the protection of human rights.

The rule is declared by this court in Waugh v. Dibbens, 61 Okla. 221, 160 P. 591, that the small judicial officer is entitled to immunity against civil suit for his erroneous decision, equally with the one who occupies the high station. The Supreme Court of the United States, in the case of Bradley v. Fisher, 20 L. Ed. 646, expresses the rule aptly in the language of Mr. Justice Field, as follows:

"The exemption of judges of the superior courts of record from liability to civil suit for their judicial acts, existing when there is jurisdiction of the subject-matter, though irregularity and error attend the exercise of the jurisdiction, the exemption cannot be affected by any consideration of the motives with which the acts are done. The allegation of malicious or corrupt motives could always be made, and if the motives could be inquired into, judges would be subjected to the same vexatious litigation upon such allegations, whether the motives had or had not any real existence. Against the consequences of their erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must in such cases resort. But for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction, the judges of these courts can only be reached by public prosecution in the form of impeachment or in such other form as may be specially prescribed."

In this case the liability of the bond is limited. As the justice himself is not liable for the things adjudged, there is no reason for holding his bond liable. The action of the lower court in sustaining the demurrer is therefore affirmed.

LESTER, C. J., CLARK. V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. ANDREWS, J., absent.

Note.—See under (1) annotation in 14 L. R. A. 138; 27 L. R. A. (N. S.) 92; 44 L. R. A. (N. S.) 164; 13 A. L. R. 1345; 15 R. C. L. 543; R. C. L. Perm. Supp. p. 3954; R. C. L. Pocket Part, title "Judges," § 31.