## YAHOLA v. WHIPPLE et al.

No. 29858. Oct. 14, 1941.

Rehearing Denied Nov. 4, 1941.

*118 P. 2d 395.*

Ralph L. Busey, of Holdenville, and Linebaugh & Davis, of Muskogee, for plaintiff in error.

Merrick A. Whipple, of Tulsa, for defendants in error.

OSBORN, J. This action was commenced in the superior court of Okmulgee county by Lyman Yahola, hereinafter referred to as plaintiff, against Merrick A. Whipple and J. Harry Swan, hereinafter referred to as defendants. Plaintiff sought recovery of damages for false imprisonment. The trial court sustained a demurrer to the petition, dismissed the action, and plaintiff has appealed.

It appears that the plaintiff herein is the father of a minor child. He instituted a habeas corpus proceeding in the district court of Okmulgee county against the maternal grandparents of the child wherein he sought its exclusive custody. The action terminated in favor of the grandparents, and the cause was brought here on appeal, where the judgment was modified in some particulars and affirmed. Ex parte Yahola, Yahola v. Berryhill, 180 Okla. 637, 71 P. 2d 968. The defendants herein were attorneys for the maternal grandparents of the child. After the cause was remanded to the district court, certain orders were made with respect to the support of the child and each of the defendants was awarded an attorney's fee of $300, which fees were assessed against this plaintiff. Upon his failure to pay the attorney's fees, defendants procured a citation of contempt, and after hearing, plaintiff was committed to the county jail of Okmulgee county for contempt of court in failing to obey the order relating to attorney's fees. He thereupon applied for a writ of habeas corpus in this court, which writ was granted on the ground that the trial court was wholly without authority or jurisdiction to assess attorneys' fees against the plaintiff. See Ex parte Yahola, 185 Okla. 52, 90 P. 2d 401. He was thereupon discharged from the county jail and instituted this action for damages for false imprisonment.

The principal portion of plaintiff's argument is predicated upon the fact that it was alleged that defendants "willfully, maliciously, wrongfully and unlawfully obtained and procured" the order and judgment allowing attorneys' fees and the order adjudging him guilty of contempt and committing him to jail. It is urged that, since the demurrer admits the truth of all the facts well pleaded, the elements of malice and the invalidity of the various orders were admitted and the petition was thus sufficient to state a cause of action in plaintiff's favor.

The principal argument of defendants is predicated upon the following proposition:

"An attorney at law who, while acting in good faith in behalf of his client, has procured the arrest or detention of a third person, is not personally liable to such third person for false imprisonment."

Defendants rely principally upon the cases of Waugh v. Dibbens, 61 Okla. 221, 160 P. 589; Stephens v. Smith, 159 Okla. 117, 14 P. 2d 381, and Langen v. Borkowski, 188 Wis. 277, 206 N. W. 181, 43 A.L.R. 622. These cases follow the majority rule which is stated in an annotation in 43 A.L.R. 639, as follows:

"An attorney, who, while acting in good faith in behalf of his client, has procured the arrest or detention of a third person, appears by the weight of authority to be relieved from personal liability to such third person for false imprisonment, principally upon the ground that he has acted merely as the client's agent rather than for himself, the courts in effect extending to the attorney thus acting for a client a similar immunity to that which is extended to judicial officers generally. This view is predicated upon the attorney not having been actuated by personal malice or other improper motive toward the third

person, or not having gone out of his way to direct the arrest or detention, since under such circumstances the attorney would be acting for himself rather than for the client."

The minority view is stated by the annotator as follows (43 A.L.R. 640):

"Some of the cases appear to hold, however, that such an immunity does not extend to an attorney, but that the mere fact that the arrest or detention was unlawful is sufficient of itself to render the attorney liable for false imprisonment, regardless of his motive,—seemingly upon the ground that the attorney knew, or as an officer of the court should have known, that the act was unlawful, the fact of good faith being immaterial according to this line of cases. . . ."

It is noted that the principal ground upon which an attorney is relieved from personal liability is "that he has acted merely as the client's agent, rather than for himself." In the instant case it appears that the sole ground upon which the plaintiff was committed to jail for contempt of court was the failure to pay the attorneys' fees hereinabove referred to. In the case of Kelly v. Maupin, 177 Okla. 44, 58 P. 2d 116, this court, following the case of Yoder v. Yoder, 105 Wash. 491, 178 P. 474, 3 A.L.R. 1104, pointed out that a sum awarded as an attorney fee does not belong to the client, but belongs to the attorney; that the attorney is the real party in interest, and may, without the consent or approval of the client, seek the enforcement of that portion of the order or judgment fixing the attorney's fee. (See the case of French v. French, 188 Okla. 430, 110 P. 2d 286, wherein a different rule was applied under a state of facts deemed sufficient by the court to distinguish it from the case of Kelly v. Maupin, supra.) Thus it appears that it would be improper to extend the immunity of a judicial officer to the defendants herein, who were not acting as agents for a client, but were acting in their own behalf.

The instant case presents other characteristics which distinguish it from the authorities upon which the defendants rely. The plaintiff herein was not imprisoned for a public offense, but, in the procurement of the order directing his imprisonment, defendants were seeking the enforcement of a purely private right.

In the case of Hamilton v. Pacific Drug Co., 78 Wash. 689, 139 P. 642, it was said:

"It is argued that, since the arrest was upon a warrant authorized by order of the superior court, the appellant is exonerated from liability even though the law at the present time does not authorize the arrest. In support of this position a number of cases are cited, all but one of which appear to have been where the arrest was made in a criminal proceeding. There, the party complaining and setting the machinery of the law in motion, which results in the arrest of a person, is acting, not on his own account or for his own private benefit, but for the public, enforcing the public's right to have the public law obeyed. A rule of law which would exonerate from liability a person causing an arrest in a criminal proceeding when acting without malice, and with probable cause, even though there be no law justifying the arrest, is not applicable where the arrest is caused for the purpose of enforcing a claim of private right. While there is some confusion in the authorities, and this distinction has not always been recognized, it would seem, nevertheless, that it is supported by reason. Where, in a civil case, a party causes his adversary to be arrested unlawfully, a stricter rule of liability should obtain than where a citizen inspiring the arrest has been actuated by public interest solely. A person who causes the arrest of another in a civil proceeding must answer in damages, even though the arrest was in pursuance of an order of court, when the court issuing the order has exceeded its jurisdiction, or had no authority to do so. It is immaterial that the arrest may have been caused without malice, and with probable cause. Cody v. Adams, 7 Gray (Mass.) 59; Hauss v. Kohlar, 25 Kan. 640; Teal v. Fissel (C. C.) 28 Fed. 351; Strozzi v. Wines, 24 Nev. 389, 55 P. 828, 57 P. 832."

In the case of Strozzi v. Wines, supra, it was held:

586

"Where the object of an arrest is the protection or enforcement of a private right, and a warrant is procured where none is authorized and an arrest made, the person procuring it is liable as for false imprisonment."

In the case of Teal v. Fissel, supra, it was held:

"If the offense is of a public nature, and a justice, through error of judgment, issues a warrant when none should issue, or an erroneous warrant in substance or form, the error is his alone, but if the object in view is the protection or enforcement of a statutory private right, and a warrant is procured where none is authorized, and an arrest made, the individual procuring it, and all others participating, are held responsible."

In the case of Pomeranz v. Class, 82 Colo. 173, 257 P. 1086, a receiver and his attorney were held liable for damages for false imprisonment for procuring a void order adjudging a person guilty of contempt for failure to comply with a court order to deliver property to the receiver, notwithstanding the immunity of the judge and the officer serving the warrant of arrest.

According to the allegations of plaintiff's petition, defendants procured and obtained the order adjudging plaintiff guilty of contempt of court. Defendants do not contend that the order was not void. Since the object of the arrest was the enforcement of a private right in a civil proceeding, the above authorities are applicable and the trial court erred in sustaining the demurrer to the plaintiff's petition.

The judgment of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

CORN, V. C. J., and RILEY, GIBSON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS, HURST, and DAVISON, JJ., dissent.