600 P.2d 116 (1979)
Richard Dean HAVENS, Plaintiff-Appellee,
v.
Willard B. HARDESTY, Defendant-Appellant, and
Professional Paints, Inc., a Colorado Corporation, Defendant.
No. 78-554.
Colorado Court of Appeals, Div. I.
August 23, 1979.
*117 No appearance for plaintiff-appellee.
Willard B. Hardesty, Lakewood, pro se.
SILVERSTEIN, Judge.
Based upon a jury's verdict, the trial court entered judgment for plaintiff against defendants, Professional Paints, Inc., and Willard Hardesty, for false arrest and imprisonment. Hardesty appeals the judgment against him and we affirm.
*118 Hardesty, an attorney licensed to practice in Colorado, was retained by Professional Paints to collect its past due accounts, including a debt owed by one Richard Havens, d/b/a Richard Havens Paint Contractor. Hardesty obtained a default judgment against this Richard Havens in February 1975; he tried unsuccessfully to collect the judgment through the fall of 1975, but the judgment debtor moved without leaving a forwarding address.
One of Professional Paints' employees then called Hardesty saying he had read that Richard Havens had filed a mechanic's lien. Going to the court records, Hardesty obtained the name and address of plaintiff from a lien filed for waste disposal services; he obtained a physical description of plaintiff from a copy of plaintiff's driver's license. Without verifying the physical description or other information with Professional Paints, Hardesty initiated a proceeding under C.R.C.P. 69 to force plaintiff, whom Hardesty thought to be the judgment debtor, to appear in court to testify concerning his assets.
Relying on information supplied by Hardesty, the process server twice attempted to serve plaintiff with a C.R.C.P. 69 citation to appear. Each time plaintiff refused the papers, telling the server he was not the right person and that he had been mistaken for the judgment debtor before. The server did not mention these facts to Hardesty, completing the return of service certificate without qualification.
Plaintiff did not appear at the C.R.C.P. 69 hearing. Based on information supplied by Hardesty, a bench warrant for plaintiff's arrest was then issued by the court.
Plaintiff was arrested at his home on a Friday night and was taken to the Arapahoe County jail for the weekend. Monday afternoon, plaintiff was taken to the Jefferson County Courthouse for a hearing. At the hearing it was determined that plaintiff was not the judgment debtor Havens, and he was ordered released. This was when Hardesty first learned of his mistake. Thereafter, plaintiff filed suit for false arrest and imprisonment against Hardesty and his client, Professional Paints.

I.
Hardesty first contends he is not liable to plaintiff because his mistake was not the cause of plaintiff's arrest. See Restatement (Second) of Torts § 35. He contends that service of the citation upon plaintiff was proper and valid, thus subjecting plaintiff to the court's jurisdiction and imposing upon him a duty to respond. Hardesty asserts that, as a matter of law, plaintiff's actions in ignoring the citation, rather than Hardesty's mistake, caused plaintiff's arrest. On these grounds, Hardesty challenges the jury instruction which stated that, if there was a mistake in identity, plaintiff was not subject to the court's jurisdiction. Also on this basis, he asserts that he was entitled to a directed verdict in his favor.
We adopt the trial court's reasoning in rejecting defendant's argument. C.R. C.P. 69 specifically provides that the court has authority to order "the judgment debtor to appear before the court ... to answer concerning his property." (emphasis supplied) The rule assumes the existence of a valid judgment obtained over one properly made a party to the suit on the debt by service of process. See C.R.C.P. 3 and 4. It authorizes the court to act based upon its continuing jurisdiction over the defendant named in the underlying action, now the judgment debtor. Sweeney v. Cregan, 89 Colo. 94, 299 P. 1058 (1931).
Here, however, plaintiff was not a party to the original suit, he was not the judgment debtor, and thus, he was not subject to the court's C.R.C.P. 69 jurisdiction. Pomeranz v. Class, 82 Colo. 173, 257 P. 1086 (1927). See Urbancich v. Mayberry, 124 Colo. 311, 236 P.2d 535 (1951). Where the person intended to be sued is named as defendant and service is had on a different person who is not acting for, nor an agent of, the defendant, such service confers no jurisdiction over either the person named in the process or the person actually served. Bateman v. Wood, 297 Mass. 483, 9 N.E.2d *119 375 (1937); Neal-Millard Co. v. Owens, 115 Ga. 959, 42 S.E. 266 (1902); Dillard v. Jackson's Atlanta Ready Mix Concrete Co., 105 Ga.App. 607, 125 S.E.2d 656 (1962); 72 C.J.S. Process § 15 (1951). The trial court correctly instructed the jury on this point and left for its determination whether or not defendant's mistake was the cause of plaintiff's arrest.

II.
Hardesty next challenges the court's refusal of evidence of plaintiff's prior felony conviction proffered for the purposes of mitigating damages recoverable by plaintiff. Relying on § 13-90-101, C.R.S.1973, the trial court refused the evidence. That statute provides, in pertinent part, "Evidence of a previous conviction of a felony where the witness testifying was convicted five years prior to the time when the witness testifies shall not be admissible in evidence in any civil action." The language of the statute is mandatory and not discretionary. See People v. Yeager, 182 Colo. 397, 513 P.2d 1057 (1973). The trial court correctly excluded the evidence.

III.
Hardesty finally argues that, even if his mistake was a cause of plaintiff's arrest, he should be immune from liability because he acted as an officer of the court, in good faith, and in order to enforce his client's rights. He relies on Weigel v. Hardesty, 37 Colo.App. 541, 549 P.2d 1335 (1976), for the proposition that a third party may recover damages from an attorney for the attorney's acts in his client's behalf only on a showing of fraud or malice. We find Weigel inapposite here because it deals with a cause of action for breach of an implied obligation; the case at bar alleges an intentional tort.
The issue is controlled by Pomeranz v. Class, supra, wherein the Supreme Court determined that an attorney was liable for false arrest and imprisonment when he procured a void arrest order from a court acting without jurisdiction over the person arrested. Relying on Pomeranz, supra, for the rule that an attorney may be liable for his intentional torts even if performed for his client's benefit, we hold that, although an attorney's good faith and his acting in his client's behalf may be factors to be considered by the fact finder when determining whether and to what extent exemplary damages will be awarded to a plaintiff, they do not exonerate the attorney or release him from liability for any injuries to plaintiff caused by the attorney's intentional acts.
We are supported in this conclusion by other jurisdictions which refuse to grant automatic immunity to attorneys for their tortious conduct. See Greenwood v. Mooradian, 137 Cal.App.2d 532, 290 P.2d 955 (1956); Yahola v. Whipple, 189 Okl. 583, 118 P.2d 395 (1941); Vernes v. Phillips, 266 N.Y. 298, 194 N.E. 762 (1935); Gibson v. Holmes, 78 Vt. 110, 62 A. 11 (1905); Annot., 27 A.L.R.3d 1113.
After being correctly charged, the jury weighed the evidence and decided the issues against Hardesty. We will not disturb its verdict on review. Vigil v. Pine, 176 Colo. 384, 490 P.2d 934 (1971).
Judgment affirmed.
VAN CISE and STERNBERG, JJ., concur.