**ALLIED FINANCIAL SERVICES, INC.,**
**Plaintiff-Appellant,**

v.

**John W. EASLEY, Defendant-Appellee.**

No. 81–1471.

United States Court of Appeals,
Tenth Circuit.

April 22, 1982.

Jeffrey A. Silver, Omaha, Neb. (Don De-ford, Greeley, Colo., on brief), for plaintiff-appellant.

Daniel C. Hale of Miller & Gray, P. C., Boulder, Colo., for defendant-appellee.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

John W. Easley, an attorney for First National Bank in Loveland, Colorado, filed an action against Allied Financial Services in Colorado district court and the action was then removed to federal district court. The bank obtained a judgment against Allied, and thereafter Mr. Easley caused writs of garnishment to be issued against Allied's funds in four Nebraska financial institutions. These writs were issued in violation of 28 U.S.C. § 1963 because Allied had appealed the judgment. Allied then filed this diversity suit against Mr. Easley, alleging that it suffered damages as a result of Mr. Easley's negligence in causing the writs of garnishment to be served improperly. At trial, the facts were largely undisputed for purposes of the motion for summary judgment. Mr. Easley conceded that he was negligent in causing the writs of garnishment to be served, but argued that he could only be liable for damages if his conduct were motivated by fraud or malice. The district court agreed, and granted Mr. Easley's motion for summary judgment. The court determined that as a matter of law, Mr. Easley owed no legal duty to his client's adversary, and therefore was not liable for damages caused by his negligence.

 In order to be liable for negligence, a defendant must legally owe a duty of care to the injured plaintiff. *Tappen v. Ager*, 599 F.2d 376, 379 (10th Cir. 1979). As a general rule, an attorney does not owe a legal duty to his client's adversary when

acting on behalf of his client. *Id.* at 378–79. Under Colorado law, an attorney owes a duty to his adversary not to engage in fraudulent or malicious conduct, *Weigel v. Hardesty*, 37 Colo.App. 541, 549 P.2d 1335 (1976); *In re Estate of Brooks*, 42 Colo.App. 333, 596 P.2d 1220 (1979), or to commit intentional torts. *Havens v. Hardesty*, 43 Colo.App. 162, 600 P.2d 116 (1979). The Colorado courts have not extended an attorney's duty to his adversary to encompass merely negligent conduct.

Allied argues that the facts of the instant case differ from those in the cases in which courts have refused to extend an attorney's duty of care to an adversary. Specifically, Allied points out that the cases in which the courts have refused to find a duty of care involved situations where the attorney relied on information provided by the client in determining whether to file suit. In such cases, the possibility of being held liable for bringing an action may cause an attorney to refuse to file a suit, thus depriving a party of his day in court. Allied argues that in the case at bar, the decision to collect the judgment by garnishment was made unilaterally by the attorney, so the same considerations are not present. In effect, Allied claims that the decision to bring an action and the decision on how to execute a final judgment differ so much that an attorney has no duty of care in the former situation but does in the latter. We are not persuaded by this distinction. An attorney owes a duty to represent a client zealously throughout the entire litigation process. To accomplish this, an attorney must be able to attempt to collect a judgment without fear of being held liable for negligent injury to the adverse party. Mr. Easley's duty of care in this situation was to his client and to the legal system, not to Allied. As this court has stated, "there is no room for existence of a duty running to the adversary." *Tappen v. Ager*, 599 F.2d at 378. *See also Norton v. Hines*, 49 Cal.App.3d 917, 123 Cal.Rptr. 237 (1975). The district court correctly found that Mr. Easley owed no legal duty to Allied, and therefore cannot be held liable to Allied based on a claim of negligence. The order of the district court granting summary judgment to Mr. Easley is AFFIRMED.